**Millicint THOMPSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6189.**

District of Columbia Court of Appeals.

Argued April 4, 1972.

Decided July 17, 1972.

George L. Richardson, Syracuse, N. Y., appointed by this court, for appellant.

James B. McMahon, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on brief, for appellee.

---

6. D.C.Code 1967, § 47–2305.

7. D.C.Code 1967, § 17–305(a) (Supp. IV, 1971).

Before HOOD, Chief Judge, and GALLAGHER and REILLY, Associate Judges.

PER CURIAM:

This appeal contends that appellant's conviction of possession of marihuana was not supported by the evidence. We agree and reverse.

The Government's evidence was that upon execution of a search warrant for a one bedroom apartment a quantity of marihuana was found in an envelope in plain view on a table in the living room. In the bedroom under a dresser was found a shoe box containing narcotic paraphernalia, including a syringe with traces of heroin on it. At the time the officers entered, appellant, a young woman of 20 years of age, was in the bedroom alone. Four or five other persons, men and women, were in the apartment, presumably in the living room as apparently the apartment consisted of a living room, bedroom and a kitchen. Shortly after entry by the officers appellant's 18-year-old sister arrived. The officers were unable to learn in whose name the apartment was rented but concluded that appellant and her sister were the occupants because some of their clothing was hanging in the bedroom closet.

Appellant and her sister were both charged with possession of narcotic paraphernalia[1] and possession of marihuana.[2] At trial both testified that they did not live at the apartment, that its occupants were their grandmother and their brother. The brother was one of those present in the apartment at the time of the search. The record is silent as to the grandmother's presence or absence.

The trial court, sitting without a jury, acquitted the sister on both charges. Appellant was acquitted of possession of narcotic paraphernalia but found guilty of possession of marihuana. In finding her guilty, the court held she had constructive possession of the marihuana in the living room, in that she was able to exercise control and dominion over it.

In order to have constructive possession one must be "in a position to exercise dominion or control over a thing."[3] Here, assuming that the trial court could have found that appellant, either alone or jointly with her sister, was a tenant of the apartment, there was no evidence she was aware of the existence of the marihuana in the living room or could have exercised control over it. Any attempt to infer that appellant had control over the marihuana because it was in her home would be offset by the fact that it was in a room where four or five other persons were gathered, any one of whom could have brought it there and had control of it. Someone in the apartment was in possession, actual or constructive, of the marihuana, but the evidence failed to make a showing beyond a reasonable doubt that appellant was that person.

Reversed with instructions to enter a judgment of not guilty.

1. D.C.Code 1967, § 22–3601.

2. *Id.* § 33–402.

3. United States v. Holland, 144 U.S.App. D.C. 225, 445 F.2d 701 (1971).