**UNITED STATES of America,**
**Plaintiff,**

**v.**

**John Richard MAJCHSZAK, a/k/a John-ny Majors, and Ronald Schwensow, Defendants.**

**No. 73-CR-145.**

United States District Court,
E. D. Wisconsin.

Feb. 2, 1973.

David J. Cannon, U. S. Atty. by David Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

William J. Mulligan, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants are charged with the robbery of the Bank of Brownsville, Lomira, Wisconsin, on August 4, 1972. The government's motion for severance was previously granted. The defendant Schwensow has moved to compel the disclosure of an informer's identity; he has also moved to suppress certain evidence seized from two locked boxes pursuant to a search warrant and to suppress certain items seized from his person at the time of his arrest pursuant to an arrest warrant. The government has disclosed the identity of its informer, and that motion is now moot.

The motion to suppress is based on an alleged lack of probable cause for the issuance of the arrest and search warrants. The defendant claims that the arrest warrant requirements of Rule 4 (a), Federal Rules of Criminal Procedure, were not met. He admits that the issuing magistrate was apprised of sufficient facts to establish that a crime had been committed, but he denies that those facts established probable cause to believe that he committed the crime. Mr. Schwensow also denies that those facts supported issuance of the search warrant. His position is that the affidavit submitted by government investigators in order to secure the warrants, which utilized information received from an informer, does not satisfy the test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The same affidavit was used to secure both the arrest and search warrants.

I believe that the informer's tip was such an essential element in the finding of probable cause that its proper

weight must be determined in accordance with an *Aguilar* analysis rather than by an examination of the totality of the circumstances. Spinelli v. United States, 393 U.S. 410, 415, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *Aguilar* states that the affidavit must advise the magistrate of some reason for the affiant's belief in the informer's reliability. It must also contain a sufficient statement of the underlying circumstances from which the informer obtained his information.

■ Paragraph 3 of the affidavit states that the informer provided a named local police department with information concerning "a number of burglaries" in that area within the past year, and that such information was verified by independent investigations concerning those burglaries. I believe this is sufficient to satisfy the first part of the *Aguilar* test. See United States v. Stallings, 413 F.2d 200 (7th Cir. 1969).

The affidavit also indicates the basis for the informer's information. It relates the informer's statements that within 30 days before the bank robbery in question, the defendant approached him, stated that the defendant and Majchszak were planning to rob a small town bank, and asked him to assist; that he had been driving the defendant to work daily, but the defendant failed to appear on August 3 and August 4, 1972; that on August 7, 1972, while he was driving the defendant to work, the defendant remarked that the defendant and Majchszak had pulled off a big score near Fond du Lac, Wisconsin; and that the defendant possessed a large amount of currency on August 7, 1972, and stated that the defendant had half a shopping bag of currency left over.

The affidavit also charges the informer with stating that on August 8, 1972, he drove the defendant to the defendant's sister's house in Milwaukee, that the defendant entered the basement of the house and emerged with a large quantity of money, stating: "there's plenty more down there where this came from"; that he then drove the defend-ant to Majchszak's home in Fond du Lac; and that during the drive to Fond du Lac, the defendant told him that Majchszak had called the defendant and stated that the federal bureau of investigation was seeking the defendant because of the bank robbery.

■ The above recitations satisfy the second part of the *Aguilar* test; they evidence a sufficient basis for the informer's information. Thus, the magistrate properly considered the informer's tip in finding probable cause for the arrest warrant. He could also have properly considered the tip to find probable cause to authorize a search of the sister's basement for money taken from the bank. Consent was given for the basement search, however, and the locked boxes for which the search warrant was issued were found there. Since a search warrant could have issued for the basement area, it could also issue, under the circumtances here presented, for locked containers found within the basement.

■ Even assuming that the *Aguilar* test was not met here, the motion to suppress must still be denied. "If the tip is found inadequate under *Aguilar*, the other allegations which corroborate the information contained in the hearsay report should then be considered." Spinelli v. United States, 393 U.S. 410, 415, 89 S.Ct. 584, 588 (1969). If corroborating information from other sources leads a neutral and detached magistrate to believe the tip is as reliable as one which independently passes *Aguilar's* test, the warrants may properly issue.

Here the descriptions given by the bank employees who observed the robbers closely matched the informer's descriptions of the defendant and Majchszak. The defendant's sister confirmed that the defendant had been in her basement on August 8, 1972. She further stated that the locked boxes first discovered in her basement storage locker on August 9, 1972, were not her property or that of her roommate. These factors corroborate the informer's statements

and confirm the probable cause found by the magistrate for the issuance of both warrants.

Therefore, it is ordered that the defendant's motion to compel disclosure of the identity of the informer be and hereby is dismissed.

It is also ordered that the defendant's motion to suppress be and hereby is denied.