**Randy OUTZS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7030.**

District of Columbia Court of Appeals.

Argued May 3, 1973.

Decided June 28, 1973.

Fred Grabowsky, Washington, D. C., appointed by this court, for appellant.

Peter K. Mair, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Michael G. Scheininger, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

NEBEKER, Associate Judge:

This appeal from conviction, after a nonjury trial, of carrying a pistol without a license [1] must result in reversal and entry of a judgment of acquittal because the evidence was insufficient to connect Outzs with the weapon in terms of knowledge and control. While this case is a close one, we hold that on its particular facts appellant's motion for judgment of acquittal should have been granted.

On the day in question, police officers responded to the area where appellant was arrested because of a report of a group of disorderly persons and possibly a man with a gun. As one of the officers was approaching in a police car, but still some distance away, he was "flagged down" by an unidentified man driving a car in the opposite direction. It is obvious from the record that this man informed the officer that a man, dressed as appellant, had a gun at the scene to which the police were responding. The unidentified man abruptly drove off. Counsel for appellant successfully objected throughout the testimony of the three officers to any recitation of what the unidentified man said respecting the individual reported as having a gun. [2]

When the officers arrived at the scene they approached appellant who was then standing by the right rear portion of a parked car. There were others "in close proximity", some of whom, upon seeing the officers, moved "over on the sidewalk." Appellant, who had been leaning on the left rear portion of the parked car, moved to the right side of the car and stood between it and the curb. He did so after observing the officers approach. Appellant was frisked but no weapon was found. A light was shone on the ground and a pistol was found under the right rear tire of the car, about three-quarters exposed and about eight inches from appellant's feet. Appellant was standing forward of the rear tire and the gun was under the rear portion of the tread.

In denying the motion for a judgment of acquittal, the court relied on Kenhan v. United States, D.C.App., 263 A.2d 253 (1970); Waterstaat v. United States, D.C. App., 252 A.2d 507 (1969); and Wilson v. United States, 91 U.S.App.D.C. 135, 198 F.2d 299 (1952). Appellee also relies on Patterson v. United States, D.C.App., 301 A.2d 67 (1973). Whatever may be said of those decisions they do not control this case for those cases dealt with guns found in automobiles where exclusive and joint control were shown or could be inferred. The instant case presents a different issue, i. e., whether one on a public street found standing near a gun partially concealed beneath an automobile, without more, [3] can be

---

1. D.C.Code 1967, § 22–3204.

2. At one point in the trial, the judge ruled, " . . . I have to agree with counsel that information being repeated in this Court which initiates as hearsay will not be admissible . . . . " [Tr. 32.]
   In finding appellant guilty, the trial judge said: "The Court feels that even if the information which the first officer who testified had been given were testi-fied to, the Court would have to disregard that information, and it's pretty clear to all of us what that information was." [Tr. 54.]

3. The fact that the lower part of appellant's body was sometimes shielded from the officers' view cannot in itself be deemed a positive factor for the prosecution sufficient for conviction.

deemed to have sufficient knowledge and control of the weapon so as to be criminally responsible for its possession. Here the facts show that a group of individuals had been disorderly for awhile and that the group had been in the vicinity of where the gun was found. There was no direct evidence or evidence from which it could be inferred that the appellant, as distinguished from anyone else, had control of the weapon. Therefore, as a matter of law, it cannot be concluded beyond a reasonable doubt that appellant was the one who deposited the gun under the car.

The evidence being insufficient, the judgment of conviction is reversed and the case remanded with instructions to enter a judgment of acquittal.

So ordered.