**Harry D. HOOKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10431.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1977.

Decided April 14, 1977.

James G. Heldman, Washington, D.C., appointed by this court, for appellant.

Joel S. Perwin, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Thomas J. Tourish, Jr., and Lillian A. McEwen, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

On appeal from convictions for possession of a dangerous drug and possession of implements of a crime—narcotics paraphernalia (D.C.Code 1973, §§ 33–702(a)(4), and 22–3601), appellant challenges evidentiary sufficiency on the question of possession of the

contraband and failure to disclose an informant's identity. We affirm.

■ The contraband was seized during execution of a search warrant at the home of appellant and his mother. Appellant was present when the police entered. It was conceded that the bedroom in which the evidence was found was and had been occupied by appellant since shortly after his return home from service in the Army. His uniforms and many military papers bearing his name were found in the room. In addition, personal papers on which appellant's name appeared were found in a dresser drawer where some of the contraband was discovered among what might properly be inferred to be his underwear. Other items of men's clothing were also in the room. Dangerous drugs were found in a bedside stand located a few feet from the dresser. We hold that these facts were sufficient to submit the question of possession—knowing dominion and control—to the jury.

Appellant's reliance is on cases which do not reveal the degree of intimate, personal connection with the items in question as in this case.[1] Thus, *United States v. Holland,* 144 U.S.App.D.C. 225, 445 F.2d 701 (1971), does not require acquittal, for Holland was a visitor of unknown frequency for intimate purposes, not the tenant of the premises where narcotics were found in a dresser drawer. The men's clothing found in the woman's apartment was not shown to fit him. The instant case is not one where the accused was "found in another's . . . home." *Id.* at 227, 445 F.2d at 703. The same must be said of *United States v. Bonham,* 477 F.2d 1137 (3d Cir. 1973), where the narcotics were found above a door in a room shared by half brothers. Neither of the brothers was shown to have had knowing dominion and control; nor was it shown that they "even knew of the cache". *Id.* at 1139. Likewise, *United States v. Watkins,* 171 U.S.App.D.C. 158, 162, 519 F.2d 294, 298 (1975), reveals nothing more than "appel-

lant's presence in a room where the [narcotics], although concealed from plain view, were found, and several books in which appellant's name appeared in a hall closet." Moreover, our holding in *Thompson v. United States,* D.C.App., 293 A.2d 275 (1972), is not controlling since it requires acquittal where "there was no evidence that [appellant] was aware of the existence of the marihuana in the living room or could have exercised control over it." *Id.* at 276. The facts here give rise to a permissible inference that it was appellant who exercised the requisite dominion and control over the contraband by concealing it in a room where he kept his personalized clothing and mingled it with his underwear and personal papers in the drawer of his bedside table.

We are aware that once again a decision must be made in an area of law characterized by Circuit Judge Tamm (concurring in *United States v. Holland, supra,* 144 U.S. App.D.C. at 227, 445 F.2d at 703) as involving rhetorical legerdemain and subjectivity for the want of objective standards. Whatever lack of objectivity one may find in the examples cited in the footnote in Judge Tamm's opinion, we conclude that as a matter of objectivity one may be deemed beyond a reasonable doubt to have knowing dominion and control of contraband found under these circumstances.

■ As to the contention that the trial court abused its discretion in refusing to direct disclosure of the identity of the informant, we find no error. The search warrant was based on sales of heroin from the home by a woman, probably appellant's sister. The drugs possessed by appellant were barbituates. Moreover, disclosure of informant identity does not appear to be mandated since that person was not a "witness to the offense charged." *United States v. Skeens,* 145 U.S.App.D.C. 404, 409, 449 F.2d 1066, 1071 (1971). While the sister may have had access to the bedroom, we hold that on the facts of this case it would be

---

1. To be sure, a woman might have worn some items of clothing found in the room and others might have had occasional access to the room, but such factors do not, in the context of this case, compel a reasonable doubt. Where access by others has compelled acquittal, the circumstances reflecting dominion and control are not as one-sided as here.

contrary to the public interest in informant protection and impermissibly speculative [2] to require such disclosure.

Accordingly, the judgment of conviction is

*Affirmed.*

---

2.  *E. g., United States v. Kelly,* 449 F.2d 329, 330 (9th Cir. 1971); *cf. United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976).