Richard C. **STEWART**, Appellant,

v.

**UNITED STATES, Appellee.**

Thomas D. **ROBERTS**, Appellant,

v.

**UNITED STATES, Appellee.**

**Nos. 12154, 12313.**

District of Columbia Court of Appeals.

Argued Feb. 15, 1978.

Decided Sept. 22, 1978.

■

---

James M. Doyle, appointed by this court, for appellant Stewart.

Edwin A. Williams, Washington, D. C., for appellant Roberts.

W. Randolph Teslik, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Michele A. Goldfarb, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and MACK and FERREN, Associate Judges.

PER CURIAM:

Appellants Stewart and Roberts were found guilty by the trial court, sitting without a jury, of possession of marijuana in violation of D.C.Code 1973, § 33–402. They challenge on appeal the trial court's denial of their motion to suppress evidence, and also the sufficiency of the evidence. We affirm.

On June 3, 1976, a search warrant was obtained in Superior Court to search a private home at an address later given by both appellants as their [1] address.

---

1. The affidavit in support of the application for the search warrant stated in pertinent part: Within seventy-two (72) hours from the issue date of this warrant, the affiant met a special employee, hereafter referred to as "SE". "SE" informed the affiant that marijuana could be purchased from inside the private residence, known as 3726 Harrison Street, Northwest, Washington, D. C., hereafter referred to as the "Premise". Within seventy-two (72) hours from the issue date of this warrant, the affiant and another M.P.D.C. Officer freed the "SE" of all property and conducted a search to ensure there was no illicit substances in the possession of "SE". "SE" was then given a sum of advanced M.P.D.C. funds for the purpose of purchasing marijuana. The affiant then continuously observed "SE" while "SE" entered the "premise". A short time later "SE" exited the "premise" under the affiant's continuous observation and turned over to the affiant a

The following morning at 6:00 the officer who had obtained the warrant and others executed it, obtaining from the premise in question substantial quantities of marijuana. According to the testimony of the affiant officer at trial, 92 clear plastic bags as well as a small tin of marijuana were seized from atop two dressers in the first bedroom entered. Appellant Roberts was asked by one of the officers at the time of the search to step into this bedroom if it were his; appellant apparently did so. Also found in this room were prescription medicine bottles with Mr. Roberts' name on the label as well as a money order that Mr. Roberts indicated was his. The officers further searched the basement of the house, part of which was divided by an archway into an office area from which one plastic bag of marijuana was seized from the top of a desk, and a bedroom, from which five plastic bags, one plastic vial and two envelopes of marijuana were seized from the top of a bookcase. Also taken from these two rooms were a prescription bottle and several envelopes bearing the name of appellant Stewart, and several magazines with Mr. Stewart's name on the address label. Mr. Stewart was not present in the house at the time the search warrant was executed, but when he was later arrested he gave his address as that of the location in question. Mr. Roberts, who was placed immediately under arrest, gave the same address.

### I.

The crux of appellants' challenges to the denial of the motion to suppress is that the affidavit in support of the application for the search warrant set forth insufficient facts to provide the basis for a finding of probable cause for the issuance of the search warrant. Therefore, they contend, the warrant issued and the evidence seized during the search of the house should not have been admitted at trial. We cannot agree.

Based on information from a special employee that marijuana could be purchased from the residence in question, affiant and another officer met the special employee, searched him, and gave him a sum of police department advance funds for the purpose of purchasing marijuana. The special employee entered the house and upon his return shortly thereafter turned over to the affiant a clear plastic bag containing marijuana. He was under continuous observation insofar as was possible during this period, and made no contact with anyone outside the house.

■ Specifically, appellants contend that the affidavit is lacking in the fundamental requirements enunciated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), in that it failed to set forth circumstances from which a magistrate could determine the special employee's credibility or the reliability of his information. *Aguilar*, however, is clearly distinguishable from the instant case because there the informant's tip alone was offered as the basis for probable cause. In a situation such as that, the Supreme Court held it essential that the affiant present some of the underlying circumstances to enable the magistrate to independently judge the validity of the informant's conclusion, as well as whether he was credible and his information reliable. There is nothing in the *Aguilar-Spinelli* line of cases to support the "conclusion that an independent police investigation could not make a sufficient showing of probable cause, even where the investigation began with a tip from an anonymous informant whose credibility, reliability and source of information were questionable or unknown." *United States v. Berry*, 150 U.S. App.D.C. 187, 190, 463 F.2d 1278, 1281 (1972). A warrant may properly issue if corroborating information leads a neutral

quantity of suspected marijuana in a clear plastic bag. At no time during the period of continuous observation by the affiant from the search to the recovery of the suspected marijuana, did the "SE" make contact with

any person outside the "premise". After receiving the suspected marijuana from "SE", the affiant conducted a M.P.D.C. field test which indicated positive for marijuana.

and detached magistrate to believe that the tip is as trustworthy as mandated by *Aguilar*. *United States v. Lopez-Ortiz*, 492 F.2d 109 (5th Cir. 1974); *United States v. Majchszak*, 357 F.Supp. 1371 (E.D.Wis. 1973).

 The affidavit before us does not depend solely on the tip as the basis of probable cause. Thus we must determine whether, viewed in its entirety, it would lead a reasonably prudent man to conclude that an offense had probably been committed. *Rutledge v. United States*, D.C.App., 283 A.2d 213, 215 (1971). Bearing in mind the admonition of *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) that affidavits are "normally drafted by non-lawyers in the midst and haste of a criminal investigation" and "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion" we conclude that the requirements of probable cause are met here. The affidavit, describing as it did the setting up of a controlled purchase, yielding a quantity of marijuana from inside the house, constituted sufficient corroboration to establish probable cause to issue the search warrant. *See Tyler v. United States*, D.C.App., 298 A.2d 224 (1972).[2]

## II.

Appellants contend also that the evidence was insufficient to support their convictions in that it does not adequately show their possession of the marijuana.

 To show constructive possession of narcotics the government must show that the defendant was in a position or had the right to exercise dominion and control over the drugs. *United States v. Watkins*, 171 U.S.App.D.C. 158, 162, 519 F.2d 294, 298 (1975). In addition, the possession must be knowing. *Id.* The evidence here that appellants were knowingly in a position to exercise dominion and control over the marijuana is based on proof that both lived at the address in question (even though appellant Stewart was away from the house at the time the search warrant was executed, he gave the address as his), that there were substantial quantities of marijuana involved, and that it was all readily observable throughout the house. *See United States v. Davis*, 183 U.S.App.D.C. 162, 562 F.2d 681 (1977). With respect to appellant Roberts, numerous bags of marijuana and marijuana seeds were seized from where prescription bottles bearing his name and a money order belonging to him were recovered. Similarly, in the basement marijuana was found within plain view in the office-bedroom area where prescription bottles, envelopes and magazines all bearing appellant Stewart's name were located. Appellants' control over the areas in question being demonstrated by these tangible items and other evidence, we see no basis for reversal. *United States v. Thompson*, 161 U.S.App.D.C. 339, 495 F.2d 165 (1974); *see also Hooker v. United States*, D.C.App., 372 A.2d 996 (1977). Accordingly the judgment on appeal is

*Affirmed.*

---

2. Appellant Stewart further contends that the affidavit reveals an illegal seizure by a government agent in a private home in violation of the Fourth Amendment. This contention is without merit.

The use of informers and "special employees" is a proper and well-recognized practice of law enforcement. *See Handschu v. Special Services Division*, 349 F.Supp. 766 (S.D.N.Y. 1972). One of the legitimate purposes of such frequently essential activity is to expose precisely the sort of illicit traffic present in circumstances such as these where direct investigation would in all probability prove unavailing.

*See Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). We can find no Fourth Amendment violation where a special employee was obviously admitted to the house and made what the record reveals could only be a controlled buy, not a seizure. If the record reasonably could have been interpreted to involve fraudulent entry and/or seizure rather than a controlled buy, the result might have been different. Accordingly, we suggest that, in the future, law enforcement officers take the precaution of detailing in the affidavit the conversations both upon entry and upon exchanging money for the material purchased.