475 A.2d 1127 (1984)
Tanya T. WASHINGTON, Appellant,
v.
UNITED STATES, Appellee.
No. 83-614.
District of Columbia Court of Appeals.
Argued February 22, 1984.
Decided May 8, 1984.
*1128 Peter H. Meyers, Washington, D.C., appointed by the court, for appellant.
Bruce Z. Marshack, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.
Before NEWMAN, Chief Judge, and KERN and MACK, Associate Judges.
PER CURIAM:
On March 31, 1983, appellant, Tanya Washington, was found guilty after a bench trial of sexual solicitation in violation of D.C.Code § 22-2701 (1981). She was sentenced on May 19, 1983 to a term of imprisonment of ninety days; execution of that sentence was suspended and appellant was placed on probation for one year. Appellant argues before this court that her conviction should be reversed because (1) the trial court erred in denying her motion for a judgment of acquittal and (2) outrageous police misconduct violated her due process rights. We affirm.
At trial, the government presented evidence through the testimony of two police officers. Officer Jude Waddy testified that on March 9, 1983 at approximately 7:25 p.m., while on patrol in his car in the area of 13th Street and Riggs Place, Northwest, appellant approached him to inquire if he was "dating." After responding affirmatively, a sexual favor was negotiated. Appellant entered the car and directed Officer Waddy to a "trick pad" at 1724 14th Street. Once in the room, Waddy identified himself and placed appellant under arrest. On cross-examination, Waddy stated that "a brief struggle ensued" after he made the arrest because appellant reached for her. pocketbook while he tried to handcuff her. He fell on her and the handcuff cut her ear. Waddy further stated that appellant had a cut on her cheek from which she was also bleeding. Defense counsel then introduced three photographs of appellant's face taken by her mother the day after the arrest. Waddy acknowledged they accurately depicted her face on March 10th, the day of the arraignment. Finally, Waddy testified that after appellant was booked at the police station, she was taken to D.C. General Hospital where she was treated for cuts to her face.
A second police officer testified that he observed appellant approach and enter Waddy's car on 13th Street. He followed them to a building on 14th Street and further observed them enter and later exit that building. The officer did not hear any of the conversation between appellant and Officer Waddy.
Appellant's mother was the sole witness called by the defense. She testified that when she saw appellant at the police station her face was bloody and swollen. She further stated that appellant was taken to the hospital where she received stitches around her left ear. She also identified the three pictures previously introduced as those taken in her apartment on March 10th after the arraignment. In addition, appellant's mother testified that since the arrest, appellant suffered from headaches and dizziness. The three photographs were admitted into evidence at the close of the defense's case.
At the close of the government's case, appellant moved for a judgment of acquittal. That motion was denied and appellant failed to renew it at the close of all the evidence. Prior to deciding whether appellant's motion was properly denied, we must ascertain the appropriate scope and standard of review. This jurisdiction has held that where a defendant introduces evidence after the denial of a motion for judgment of acquittal made at the end of the government's case, that motion is waived and the ruling is not subject to appellate review. Franey v. United States, 382 A.2d 1019, 1021 (D.C.1978); In re A.B.H., 343 A.2d 573, 575 (D.C.1975). Under such circumstances, this court has reviewed only the denial of a second motion for *1129 judgment of acquittal made at the close of all the evidence.[1]Franey, supra, 382 A.2d at 1022; In re A.B.H., supra, 343 A.2d at 575. However, in circumstances similar to the case at bar where a motion for judgment of acquittal was made at the close of the government's case but not later renewed, this court has stated that no challenge may be made on appeal to the sufficiency of the evidence. But, the court has nonetheless proceeded to evaluate the sufficiency of the evidence to support the judgment of conviction. In re J.N.H., 293 A.2d 878, 880 (D.C.1972). We are of the view that appellant's failure to renew her motion for judgment of acquittal waives review of the denial of that motion but does not foreclose review of the sufficiency of the evidence. It simply requires that the scope of our review be expanded to include all of the evidence.[2]
In the same vein, we reject the government's argument that the standard of review applied directs a reversal only if there is "`manifest error' or `serious injustice,'" Richardson v. United States, 276 A.2d 237, 238 (D.C.1971) (footnote omitted) (citation omitted) or that we set aside a trial court's finding only if it is "`plainly wrong or without evidence to support it.'" Ashby v. United States, 363 A.2d 685, 687 (D.C.1976) (quoting D.C.Code § 17-305(a) (1973)). In neither Richardson nor Ashby was any motion for judgment of acquittal made at trial. Thus, they are not dispositive of the situation at bar. Instead, we are guided by the well-settled standard recently enunciated in Dyson v. United States, 450 A.2d 432 (D.C.1982) where, significantly, it appears that, as in the case before us, appellant made but one motion for judgment of acquittal at the close of the government's case. Id. at 436. The full standard provides that:
In reviewing the sufficiency of evidence presented at trial we must consider the evidence in the light most favorable to the government to determine if it was sufficient to permit reasonable jurors to find guilt beyond a reasonable doubt. Byrd v. United States, D.C.App., 388 A.2d 1225, 1229 (1978); Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967). It is not necessary that the government's evidence compel a finding of guilt beyond a reasonable doubt, nor that the government negate every possible inference of innocence. Chaconas v. United States, D.C.App., 326 A.2d 792, 798 (1974). In applying the above standards, we made no distinction between direct and circumstantial evidence. Franey v. United States, D.C.App., 382 A.2d 1019, 1023 (1978).
Id. Applying this standard to the facts herein we hold that there was ample evidence to support the trial court's judgment of conviction. Officer Waddy testified that appellant approached him while he was on patrol in his car. He further stated that appellant inquired whether he was there to "screw," how much money he would spend, and he asked whether he would need and could obtain a prophylactic device. The setting in which this conversation occurred and the fact that Waddy and appellant drove to a building on 14th Street were corroborated by a second officer who observed these events. Appellant presented no evidence to contradict the officers' testimony or to support an affirmative defense. In short, the evidence was more than sufficient to establish the elements of solicitation. Dinkins v. United States, 374 A.2d 292 (D.C.1977) (en banc) and to permit a finding of guilt beyond a reasonable doubt.
Appellant's second argument posits that outrageous police misconduct requires reversal of her conviction. Relying on Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) and its progeny, and several entrapment cases, e.g., Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); United States *1130 v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), she accurately asserts that due process guarantees impose limits on government involvement in crime. Thus she complains generally of Officer Waddy's conduct from the time appellant approached him in his car through to what she characterizes as his "contradiction-filled" testimony given at trial.[3] In particular, however, appellant focuses upon the serious injuries to her face suffered during the arrest to support her assertion that Waddy beat her and neglected to provide prompt medical treatment thereby violating her constitutional rights.
The photographs introduced at trial do portray images evoking concern. However, unlike Rochin, the alleged misconduct herein was not engaged in to secure evidence against appellant and unlike the entrapment cases, it was not accomplished for the purpose of inducing or fostering the commission of a crime. Thus we do not find these cases supportive of the argument that due process rights preclude a criminal prosecution where, for no apparent reason, a police officer assaults the accused. Two Supreme Court cases buttress this conclusion. In Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952) and Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886) defendants were forcibly abducted to subject them to a criminal court's jurisdiction. Still, the Court held that jurisdiction could be properly exercised irrespective of how the defendant's presence in court had been accomplished. In Frisbie, the Court stated:
[D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.
342 U.S. at 522, 72 S.Ct. at 511. True, the Frisbie-Ker principle has been the topic of much criticism, see, e.g., United States v. Toscanino, 500 F.2d 267 (2d Cir.1974), but for these purposes it is sufficient to point out that this court has recognized itself bound by the principle. Crews v. United States, 389 A.2d 277, 284-85 (D.C.1978) (en banc), rev'd on other grounds, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); see Christian v. United States, 394 A.2d 1, 37 (D.C.1978). Therefore, on the narrow record before us, we hold that alleged misconduct perpetrated to arrest appellant and thereby secure her presence in court does not implicate due process rights. Indeed, while it is beyond dispute that appellant was injured as a result of a struggle at the time of her arrest, it is perhaps noteworthy that the trial court stated that "the conduct of the police officer was certainly not outrageous." Finally, without permanently foreclosing reconsideration of the Frisbie-Ker doctrine we suggest that appellant's redress to alleged outrageous police misconduct should be sought in a civil forum.
Affirmed.
NOTES
[1] We find it unnecessary to study conflicting views regarding the validity of the waiver doctrine. Franey, supra, 382 A.2d at 1021 & n. 4.
[2] This is the same scope of review which would be mandated if appellant had renewed her motion for judgment of acquittal.
[3] For example, appellant contends it was unnecessary for Waddy to have taken her to the "trick pad" because sufficient evidence for the crime of solicitation had already been obtained. We find, nonetheless, nothing inherently incredible in Waddy's explanation that he proceeded to the room to ascertain its address.