**Lillian E. WHEELER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 82–557.

District of Columbia Court of Appeals.
Submitted May 28, 1985.
Decided June 19, 1985.

Bruce W. Gilchrist, appointed by this court, Washington, D.C., was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., and T. Mark Flanagan, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before MACK, NEWMAN and BELSON, Associate Judges.

MACK, Associate Judge:

The sole issue on this appeal is whether the evidence was sufficient to support appellant Lillian E. Wheeler's conviction for possession of a controlled substance (heroin), D.C.Code § 33–541(d) (Supp.1984). We find sufficient evidence upon which the trier of fact could determine beyond a reasonable doubt that appellant was guilty of the charged offense, and we therefore affirm.

I.

Viewing the evidence in the light most favorable to the government, *Byrd v. United States*, 388 A.2d 1225, 1229 (D.C.1978), the facts of this case are as follows. On January 17, 1982, a search warrant was executed for Room 201 of the Logan Inn at 1338 R Street, N.W. In an affidavit in support of the warrant, Detective Alan Penberg stated that a source had informed him that female occupants of Room 201 were selling heroin from that room. The police knocked on the door to Room 201, identifying themselves, but received no response. Instead, they heard what they described as "scurrying" noises behind the door. After at least a minute, they succeeded in breaking down the door. They found appellant and two other women coming out of the bathroom; the toilet had just been flushed. A fourth woman was sitting in a chair next to the bathroom. Two of the women were dressed in street clothes, but appellant and another woman, Mary Sales, were wearing sleeping attire. Luggage and clothes belonging to appellant were found in the room along with other personal effects. Appellant and Sales both gave aliases to the police. Both admitted, however, that they lived in Room 201. There were two beds in the hotel room, at opposite ends of the room. Sales retrieved some slippers from underneath a bed at one end. Under the second bed's pillow, the police found 3550 milligrams of 2.7% heroin. Sales and appellant were arrested. While the charges against Sales were subsequently dismissed, appellant was found guilty of possession of heroin after a bench trial. This appeal followed.

II.

At the close of the government's case, counsel for appellant moved for a judgment of acquittal, which was denied. Counsel did not renew this motion at the close of the entire case. The government contends that because of this default, the sufficiency of the evidence is not properly before this court, citing *Noaks v. United States*, 486 A.2d 1177, 1178–79 (D.C.1985). We considered the government's argument in *Washington v. United States*, 475 A.2d 1127 (D.C.1984), and rejected it. There we held that although the failure to renew a motion for acquittal at the close of the

172

entire case would waive review of that motion, it

> [would] not foreclose review of the sufficiency of the evidence. It simply requires that the scope of review be expanded to include *all* of the evidence. This is the same scope of review which would be mandated if appellant had renewed her motion for judgment of acquittal.

*Id.* at 1129 & n. 2. To the extent, if any, that *Noaks* is inconsistent with our holding in *Washington,* we believe that *Washington* controls. We therefore proceed to evaluate the government's evidence.

### III.

■ This case was submitted to the trial court on a theory of constructive possession. An individual has constructive possession of an illegal substance when he is knowingly in a position or has the right to exercise dominion and control over it, *United States v. Hubbard,* 429 A.2d 1334, 1338 (D.C.), *cert. denied,* 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1981); *Stewart v. United States,* 395 A.2d 3, 6 (D.C.1978), and has some appreciable ability to guide its destiny, *Hack v. United States,* 445 A.2d 634, 639 (D.C.1982). The right to exercise dominion and control may be jointly shared. *United States v. Covington,* 459 A.2d 1067, 1071 (D.C.1983); *Rucker v. United States,* 455 A.2d 889, 891 (D.C. 1983). In evaluating the sufficiency of the evidence submitted by the government, no distinction is made between direct and circumstantial evidence, *Franey v. United States,* 382 A.2d 1019, 1023 (D.C.1978), and the trier may infer knowledge from circumstantial evidence. *Covington, supra,* 459 A.2d at 1071; *Tucker v. United States,* 421 A.2d 32, 35 (D.C.1980).

■ Appellant contends that the heroin could have been placed under the pillow by any one of the three other women present in the room at the time the police arrived, and that to hold her responsible for the drug is mere speculation. The case law on the question of who may be held responsible when the police find an illegal item in a location together with more than one individual demonstrates some inconsistency. Several general principles may be extracted from the cases, however. Mere proximity to an illegal substance will be insufficient to uphold a conviction on a theory of constructive possession when an individual is one of several people found by the authorities on the premises together with the substance. *Cook v. United States,* 272 A.2d 444, 447 (D.C.1971) (conviction for possession of narcotics paraphernalia reversed where the government did not show appellant to be a resident of the premises and the actual tenant and other occupants were also present on the scene at the time of the raid); *United States v. Holland,* 144 U.S.App.D.C. 225, 227, 445 F.2d 701, 703 (1971) (conviction for possession of heroin reversed where drugs were found in codefendant's apartment, and although appellant was present when drugs were found the government did not show that he was residing there); *see United States v. Pardo,* 204 U.S.App.D.C. 263, 277, 636 F.2d 535, 549 (1980) (conviction for possession with intent to distribute narcotics reversed where appellant was merely present while a drug transaction was consummated between other individuals); *United States v. Watkins,* 171 U.S.App. D.C. 158, 162, 519 F.2d 294, 298 (1975) (conviction for possession of narcotics reversed even though police found appellant and narcotics in the same room, where two other individuals were found on the premises and insufficient evidence of appellant's residency at that location was adduced).[1]

---

1. *See also Easley v. United States,* 482 A.2d 779, 781 (D.C.1984) (conviction for possession of an unregistered gun and ammunition reversed where the gun was hidden under the front seat of the car and appellants were sitting in the back seat); *Hack v. United States, supra,* 445

A.2d at 639–40 (conviction for possession of narcotics reversed where appellant and a co-defendant had been transported by the police in a squad car and the police subsequently found the drugs under the seat where the co-defendant had been sitting); *United States v. Bethea,* 143

A common theme running through many of these cases is the courts' reluctance to hold an individual responsible for controlled substances or drug paraphernalia found in a home absent some proof that he is something other than a visitor. In this case, however, the government's evidence showed that appellant admitted that she was living in Room 201.

Even where the government proves that the defendant is a resident of the place where illegal items are seized, the courts are wary of imputing possession to the defendant absent proof of his involvement in some criminal enterprise. *Thompson v. United States*, 293 A.2d 275, 276 (D.C. 1972) (conviction for possession of marijuana reversed where drug was found, along with four individuals, in living room and appellant was found in bedroom); *United States v. Bonham*, 477 F.2d 1137, 1138–40 (3d Cir.1973) (en banc) (conviction for acquisition of heroin reversed where drugs were found hidden behind a false wall panel in a room appellant shared with his half-brother; informant's tip did not mention appellant; and half-brother was an addict).

■ On the other hand, where there are circumstances giving rise to an inference of a concert of illegal action involving drugs by the occupants of the premises where the drugs are found, those circumstances tend to dispel any fear that the "constructive possession" doctrine has cast too wide a net. We have held that proximity may establish a supportable case of constructive possession of narcotics when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part. *Covington, supra*, 459 A.2d at 1071; *Hubbard, supra*, 429 A.2d at 1338; *see United States v. Staten*, 189 U.S.App.D.C. 100, 107 & n. 60, 581 F.2d 878, 885 & n. 60 (1978). Other circumstances that will buttress the "constructive possession" inference include attempts to hide or destroy evidence. *See Logan v. United States*, 489 A.2d 485, 491–92 (D.C.1985) (joint constructive possession of weapon affirmed where appellants were observed jointly throwing something out of car and gun was thereafter recovered from roadbed); *United States v. Smith*, 171 U.S. App.D.C. 342, 344, 520 F.2d 74, 76 (1975) (constructive possession of phencyclidine found in closet affirmed despite fact that appellant was not sole occupant of apartment, where police had found appellant in bathroom and had discovered bag of marijuana directly below open bathroom window).

■ While this is a close case, we think that the government's evidence, albeit circumstantial, gives rise to sufficient inferences to support the judgment of conviction. As mentioned previously, appellant admitted to the police that she lived in the room, and the government's proof permitted the inference that appellant occupied the bed from which the heroin was recovered. Appellant failed to open the door or to respond in any way to the knock by the police. The observation by the officers that the toilet was flushed while three of the room's occupants, including appellant, were standing in the bathroom simultaneously, permitted the trier to infer that appellant used the period of time that the police required to break down the door to eliminate evidence. In addition, the fact that appellant identified herself to the police using an alias carries some weight on the question of whether she was involved in a criminal enterprise. *See Covington, supra*, 459 A.2d at 1071 & 1072 n. 7 (conviction for possession of narcotics para-

U.S.App.D.C. 68, 71, 442 F.2d 790, 793 (1971) (conviction for distribution of heroin reversed where drugs were found together with a gun hidden behind the back seat of a car, appellant had been sitting in the front seat, and the police had observed another passenger place the gun in the rear hiding place); *United States v. Whitfield*, 203 U.S.App.D.C. 102, 109, 629 F.2d 136, 143 (1980) (conviction for possession of an unregistered pistol reversed where appellant had taken a 5–10 minute car ride with his co-defendant, sitting in the front seat, and although the pistol was found under that front seat it was hidden and there was no evidence that appellant knew of its presence), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981).

phernalia founded on constructive posses-
sion doctrine is supported by guilty re-
sponse to policy inquiry).

 In sum, this is not a case in
which the defendant's conduct, other than
a shared proximity to the illegal item, is
entirely innocent. It is unnecessary for the
government either to adduce evidence that
would compel a finding of guilt, or to ne-
gate every possible inference of innocence.
*Washington v. United States, supra,* 475
A.2d at 1129. The inference that appellant
knew of the presence of the drug is not
wholly speculative, and that inference, com-
bined with the other circumstances outlined
above, suffice to attribute to appellant a
measure of control over the heroin and
thus to support a finding of constructive
possession.

*Affirmed.*