Kevin E. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 87–448.

District of Columbia Court of Appeals.

Submitted Nov. 8, 1988.
Decided Dec. 29, 1988.
As Amended Feb. 23, 1989.

Michael H. Hoffman, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Washington, D.C., Mary A. Terrell, and Craig Iscoe, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BELSON and TERRY, Associate Judges, and REILLY, Senior Judge.

BELSON, Associate Judge:

On February 19, 1987, after a jury trial, appellant was convicted of distribution of marijuana and phencyclidine (PCP). *See* D.C.Code § 33–541(a)(1) (1988). In appellant's first two arguments, he contends that because he was charged with distributing "a controlled substance" in violation of D.C.Code § 33–541(a)(1), and the statute does not define which substances are "controlled," (1) the government was required to prove that marijuana and PCP are "controlled substances" and (2) the court erred when it instructed the jury that those drugs are "controlled substances." Appellant also argues that the evidence was insufficient for conviction. We affirm.

D.C.Code § 33–541(a)(1) is part of a comprehensive statutory scheme. D.C. Code § 33–501(4) (1988) defines the term "controlled substance" as "a drug, substance, or immediate precursor, as set forth in Schedules I through V of subchapter II of this chapter." PCP and marijuana are listed in Schedules II and V, respectively. *See* D.C.Code § 33–516(4)(E) and D.C.Code § 33–522(2) (1988). What substances were distributed is a question of fact for the jury. Whether those substances are "controlled" within the meaning of D.C.Code § 33–541(a)(1), however, is a question of

law and need not be proved to the jury. As a matter of law, PCP and marijuana are "controlled substances" within the meaning of D.C.Code § 33–541(a)(1), and Judge Walton was correct in so instructing the jury.

■ Appellant also challenges the sufficiency of the evidence, specifically with regard to the lack of any evidence that appellant physically possessed or distributed PCP and marijuana where the jury was not given an aiding and abetting instruction. However,

> [a]n individual has constructive possession of an illegal substance when he is knowingly in a position or has the right to exercise dominion and control over it ... and has some appreciable ability to guide its destiny....

*Wheeler v. United States*, 494 A.2d 170, 172 (D.C.1985) (citations omitted). Further-

more, "the right to exercise dominion and control may be jointly shared ... and the trier may infer knowledge from circumstantial evidence." *Id.* (citations omitted). Officer Spencer testified that appellant directed her to Darby, and Darby himself testified that he and appellant were selling illegal drugs together. This evidence was more than sufficient for the jury to infer appellant's constructive possession and distribution of PCP and marijuana. *See Wheeler, supra.*[1]

Affirmed.

---

1. Appellant also argues that he was denied a fair trial when the trial court permitted the government to impeach him with a contempt conviction under D.C.Code § 11–944 (1981), which resulted in a sentence of $25.00 or one day in jail. While indeed this was error, *cf. In re DeNeueville*, 286 A.2d 225, 227 (D.C.1972), in view of the fact that appellant was properly impeached with two other convictions as well as the government's overwhelming evidence against him, we find the error harmless. *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *Mathis v. United States*, 513 A.2d 1344 (D.C.1986).