In the Matter of L.A.V., Appellant.

No. 89–552.

District of Columbia Court of Appeals.

Argued May 24, 1990.
Decided Aug. 29, 1990.

---

Rosemary Herbert, Public Defender Service, appointed by court, with whom James Klein and Henderson Hill, Public Defender Service, were on brief, for appellant.

Charlotte M. Brookins, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, were on brief, for appellee.

Before FERREN, BELSON and FARRELL, Associate Judges.

BELSON, Associate Judge:

Appellant L.A.V., a juvenile, was convicted after a bench trial of carrying a pistol without a license in violation of D.C.Code § 22–3204 (1989 Repl.) and possession of an unregistered firearm and unregistered ammunition in violation of D.C.Code §§ 6–2311(a) and 6–2361 (1989 Repl.). On appeal, L.A.V. contends that there was insufficient evidence to support his convictions on either a theory of constructive possession or a theory of aiding and abetting. We agree and reverse.

Officer Forbes and his partner were in their scout car patrolling on Kirby Street, N.W., when they saw a Jeep driven by a young man later identified as L.A.V. A young adult male, later identified as George Dunn, was seated in the front passenger seat. When the officers followed the Jeep, L.A.V. pulled over to the curb and turned off the lights. The officers drove around the block and, while doing so, ran the Jeep's license tag number through a computer.

When the officers came back around the block, they passed L.A.V. and Dunn, who had left the Jeep and were walking on the sidewalk of Kirby Street. At that time the officers received a radio response indicating that the tag had been issued for a Plymouth, not a Jeep. The officers decided to investigate and began backing their car in the same direction in which the two youths were walking. As the officers were backing up, they observed L.A.V. and Dunn turn and look at them. After a brief conversation between Dunn and L.A.V., Dunn reached into the lapel pocket of his jacket, removed a dark, hand-sized object and placed it on the ground near the rear wheel of a parked pickup truck. As Dunn placed the object on the ground, he maintained eye contact with the approaching police officers. L.A.V. meanwhile stood with his back to Dunn and facing a house on Kirby Street, but was "leaning backward ... looking over over (sic) his shoulder at Mr. Dunn as the object was placed on the ground." Both Dunn and L.A.V. then resumed walking.

The officers exited their vehicle and beckoned the two youths over. Dunn and L.A.V. broke off into a skip, as if to run, but stopped when the officers shouted a more forceful command for them to halt.

The officers frisked Dunn and L.A.V., but found no weapons. The officers recovered a gun on the spot where they had observed Dunn place an object.

Although a claim of insufficient evidence requires this court to "view the evidence in the light most favorable to the government, mindful of the jury's right to determine credibility, weigh the evidence, and draw justifiable inferences of fact," we must reverse where "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *McClain v. United States*, 460 A.2d 562, 567 (D.C.1983). The same test applies when, as in this case, a judge is the finder of fact. *See, e.g., Roberts v. United States*, 508 A.2d 110, 112 (D.C.1986).

▬▬ Convictions for carrying a pistol without a license and possession of an unregistered gun require proof of either actual or constructive possession. *See Brown v. United States*, 546 A.2d 390, 394 (D.C. 1988). There was no evidence that L.A.V. had actual possession of the gun. To prove that he had constructive possession, the government was required to present evidence from which a reasonable mind could conclude, beyond a reasonable doubt, that 1) the accused knew of the presence of the object in question; and 2) the accused was in a position or had the right to exercise dominion or control over the object in question.[1] *See Wheeler v. United States*, 494 A.2d 170, 172 (D.C.1985). Constructive possession may be sole or joint, and may be established by either direct or circumstantial evidence. *See id.*

▬▬ Here, while the fact finder could infer that L.A.V. knew of the presence of the gun at that time from evidence that L.A.V. was "looking over his shoulder at Mr. Dunn" as Dunn placed the gun on the ground, there was insufficient evidence for the fact finder to infer that L.A.V. was in a position or had the right to exercise dominion and control over the gun. The gun was inferentially in Dunn's sole possession throughout the time the police observed

Dunn and L.A.V. walking down the street. After Dunn got rid of the gun by placing it on the ground, an act that appears to have happened instantaneously, both Dunn and L.A.V. proceeded to walk away. Under these circumstances, we are persuaded that it could not reasonably be concluded that L.A.V. "likely had some appreciable ability to guide the destiny of the [gun]." *United States v. Staten*, 189 U.S.App.D.C. 100, 105, 581 F.2d 878, 883 (1978). *See also In re F.T.J.*, 578 A.2d 1161 (D.C. August 14, 1990). *Cf. Outzs v. United States*, 306 A.2d 664, 665 (D.C.1973) (where appellant was standing on a public street near a gun partially concealed beneath an automobile, there was insufficient evidence to find constructive possession of the gun).

▬▬ The evidence also was insufficient to support L.A.V.'s conviction on a theory of aiding and abetting. Proof of mere presence at the scene of the crime is generally insufficient to convict a defendant of being an aider and abettor. *See Settles v. United States*, 522 A.2d 348, 357 (D.C. 1987). Rather, the evidence must show: 1) that an offense was committed by someone; 2) the defendant participated in the commission; and 3) the defendant did so with guilty knowledge. *See Wesley v. United States*, 547 A.2d 1022, 1026 (D.C. 1988). " 'Presence is thus equated to aiding and abetting when it is shown that it designedly encourages the perpetrator, facilitates the unlawful deed—as when the accused acts as a lookout—or where it stimulates others to render assistance to the criminal act.' " *Settles, supra*, 522 A.2d at 357 (quoting *Bailey v. United States*, 135 U.S.App.D.C. 95, 98–99, 416 F.2d 1110, 1113–14 (1969)).

▬▬ Here, the evidence shows that both L.A.V. and Dunn had observed the police officers in the patrol car backing up towards them. Nonetheless, rather than placing himself between Dunn and the approaching officers, L.A.V. positioned himself so as to face a house on Kirby Street

---

1. We note that an implicit requirement for constructive possession is that the accused have the intent to exercise dominion or control over the object in question. *See In re T.M.*, 577 A.2d 1149, 1151 n. 5 (D.C.1990).

and with his back to Dunn while Dunn was placing the gun on the ground. L.A.V. could therefore not have been acting as a shield to block the view of the approaching officers.[2] L.A.V. could also not have been acting as a lookout since both he and Dunn were already aware that the police officers were approaching quickly and Dunn was maintaining eye contact with one of the officers. We hold, therefore, that the evidence does not permit an inference that L.A.V. assisted Dunn in possessing and disposing of the gun.

*Reversed.*

---

2. It would not be rational to infer that L.A.V. was concerned more with blocking the possible view of the residents of the house on Kirby Street than with blocking the view of the approaching police officers. Moreover, since appellant was not actually blocking the police officers' view of Dunn, the only arguable hypothesis is that he was attempting to do so inconspicuously by "leaning backward" in an effort to place part of his body between Dunn and the officers. But this hypothesis is too thin to support a finding of aiding and abetting, even combined with the exchange of words between the pair seconds earlier.