FERREN, Senior Judge,
concurring:
I join the court’s resolution of the Fourth Amendment issue, but write to explain why I believe that the road to finding sufficiency of the evidence, based on con *895 structive possession, is reasonably straight.
We have said that a fact-finder “is generally entitled to infer that a person exercises constructive possession over items found in his home,” or, more generally, found in premises he controls or occupies.[1] On the facts here, therefore, the only circumstance that would dilute that inference, as applied to appellant Evans, would be a finding that he “share[d] the premises with others,”[2] suggesting that there was a reasonable possibility that someone other than Evans possessed the shotgun, rifle, and ammunition.
The evidence shows that Evans arguably shared his apartment on occasion with three women: Taylor, Brunson, and Murray. I believe, however, that a reasonable fact-finder could have found — as the trial judge did here — that this evidence was' too weak to deflate the inference (sufficient for conviction) that the constructive possessor was Evans, no one else.
First, although the evidence was sufficient for a finding that Taylor had been staying for an undeterminable time with Evans at his apartment, the evidence of Taylor as alternative possessor is substantially weakened by the “plain view” and “linkage” evidence attributable to Evans in the first bedroom where the shotgun and ammunition were found,[3] and by the evidence that the jacket found in the second bedroom, where the rifle was found, belonged to a large man, not a woman.[4]
Second, aside from a pill bottle (Murray) and a summons (Brunson) — neither of which showed a date in the trial record— there was no evidence that either woman “shared” the premises enough to undermine the inference that Evans constructively possessed the contraband in both bedrooms by virtue of his occupancy and control of the apartment.
• As Judge McLeese makes clear, we are not resolving whether, as a matter of law, the evidence “is by itself sufficient to establish constructive possession beyond a reasonable doubt”; rather we are deciding whether the evidence “would reasonably permit a jury [or, as here, the court as fact-finder] to infer constructive possession.” [5] I conclude that it would. The fact that the rifle in the second bedroom, unlike the shotgun and ammunition in the first bedroom, was not in “plain view,” or “next to items linked to” Evans,[6] is of no consequence to the outcome; the absence of those factors does not, in my view, remove the rifle from Evans’s constructive possession, for three reasons. First, a man’s, not a woman’s, jacket was retrieved from the bedroom where the rifle was found. It may or may not have belonged to Evans, but, as noted earlier, it presumably would not have belonged to Taylor, let alone Murray or Brunson, the only other posses-sory candidates. Second, the method of storing the rifle in the second bedroom (inside the closet door and leaning against either the wall or the door) was identical to that used for storing the shotgun in the *896 first (Evans’s) bedroom[7] — a method suggesting, especially in the same apartment, that if the shotgun belonged to Evans the rifle did as well.[8] Third, the cases on which our dissenting colleague relies all reveal situations in which the premises were unquestionably shared among the defendant and other suspects with virtually equal access to the contraband, far from the situation here.[9]
Accordingly, I join Judge McLeese’s opinion for the court.

. Smith v. United States, 55 A.3d 884, 887 (D.C.2012) (citation and internal quotation marks omitted) (ante at 889); see Ramirez v. United States, 49 A.3d 1246, 1249 (D.C.2012) (ante at 889-90); Moore v. United States, 927 A.2d 1040, 1050 (D.C.2007) (ante at 889-90).

. Smith, 55 A.3d at 887; see Ramirez, 49 A.3d at 1249; Moore, 927 A.2d at 1050.

. Ante at 887-88.

. Ante at 879-80.

. Ante at 893.

. Ante at 894.

. Cf. United States v. Dykes, 406 F.3d 717, 722 n. 5 (D.C.Cir.2005) (noting that possession of "same or similar things" at another time relevant to "knowledge and intent” regarding crime charged); ante at 891.

. Ante at 890-91.

. Post at 897; see Schools v. United States, 84 A.3d 503, 510 (D.C.2013) (reversing conviction based on constructive possession of unregistered firearm and ammunition because, in addition to appellant, "several others” lived in or had access to the premises); In re R.G., 917 A.2d 643, 648-49 (D.C.2007) (reversing conviction based on constructive possession because appellant's boyfriend was in • bed with appellant, and government offered no evidence that boyfriend did not possess unregistered pistol and ammunition); In re T.M., 577 A.2d 1149, 1152 (D.C. 1990) (reversing convictions of both appellants based on constructive possession where several others were in close proximity to unregistered firearm and ammunition), abrogated by Rivas v. United States, 783 A.2d 125 (D.C.2001) (en banc) (eliminating separate rule for constructive possession in vehicles); Curry v. United States, 520 A.2d 255, 266 (D.C.1987) (reversing convictions of all defendants who lived or stayed in apartment or visited there because government did not establish that each had constructive possession of weapon); Thompson v. United States, 293 A.2d 275, 276 (D.C. 1972) (per curiam) (reversing conviction for possession of marijuana for failure to prove actual or constructive possession in room where "four or five other persons were gathered” and "could have brought it there”).