**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald Wayne SCHULTZ,**
**Defendant-Appellant.**

**No. 83–2988.**

United States Court of Appeals,
Seventh Circuit.

Argued May 28, 1985.

Decided July 30, 1985.

Van E. Kearney, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Linda A. Leaf, Milwaukee, Wis., for defendant-appellant.

Before CUMMINGS, Chief Judge, FLAUM, Circuit Judge, and CAMPBELL, Senior District Judge.*

FLAUM, Circuit Judge.

Defendant Ronald Wayne Schultz appeals his convictions for conspiring to commit, and then committing, armed bank robbery in violation of 18 U.S.C. §§ 371, 2113(a), (d) (1982). Schultz bases his appeal exclusively on the contention that the trial judge erred in not instructing the jury on the elements of aiding and abetting, despite his trial counsel's failure either to request such an instruction or to object to the judge's ultimate omission of such an instruction. For the reasons set forth below, we affirm.

I.

Schultz was tried jointly with co-defendant Michael DeGrave for the planning and execution of the robbery of a small bank located in rural Wisconsin on November 12, 1981. Two of the bank's employees related at trial that at approximately 12:15 p.m. that day, one of them was waiting on a customer when two men walked into the bank. One of the men approached a teller window brandishing a revolver and demanding that the teller give him the money, while the second man proceeded directly into the bank's open vault. The first man gave the teller a plastic bag, which the teller filled with cash and gave back to him, and then the second man emerged from the vault with a couple of bags filled with coins. The first man then ordered the two employees and the customer into the vault, where they remained until the robbers had fled and another employee had returned

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

from lunch. Although the two employees gave some description of the robbers' dress and physical characteristics, their description of the second man was less specific than that of the first man, and they were unable to identify either man as being the defendants DeGrave or Schultz.

The government's key witness at trial was Michael Walske, a co-conspirator of DeGrave's and Schultz's who testified against them in return for immunity from prosecution for his role in planning the robbery and in serving as the getaway driver. When considered in tandem with the bank employees' testimony, Walske's description of the defendants' appearance immediately after the robbery indicated that the first man (who held the gun) was DeGrave, while the second man was Schultz. Both DeGrave and Schultz, who were represented by separate counsel, defended against the charges not by contesting the bank employees' testimony about the armed robbery and how it occurred, but rather by claiming that they had no connection whatsoever with the robbery. In their opening and closing statements, along with their cross-examinations, both defense counsel strongly attacked Walske's credibility, noting his past criminal history and his motive to implicate the defendants based not only on the government's grant of immunity, but also on a desire to seek revenge against DeGrave for previously informing the police of Walske's involvement in heroin trafficking.

In addition, while Schultz himself did not testify, he did present several witnesses in support of an alibi defense that he was with friends at a party when the robbery occurred. Consistent with this defense, Schultz's counsel did not seek to establish DeGrave's greater culpability as the gunman under the government's version of events, but instead chose to reject the government's version altogether. At the conclusion of the trial, Schultz's counsel did not submit a jury instruction on the ele-

ments of aiding and abetting an armed robbery. Although the government did submit such an instruction, it was not included in the final set of instructions chosen by the court, and Schultz's counsel did not object to its absence.

Schultz and DeGrave were convicted on both the conspiracy and the substantive counts of the indictment. Both Schultz and DeGrave were sentenced to five years imprisonment on the conspiracy count and ten years on the substantive count, the sentences to run concurrently.

## II.

On appeal, Schultz concedes that because his trial counsel failed to preserve the objection below, we can reverse his conviction only if we find that the trial court committed "plain error" by failing to instruct the jury on aiding and abetting. *See, e.g., United States v. Torres,* 733 F.2d 449, 458 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 204, 83 L.Ed.2d 135 (1984); Fed.R. Crim.P. 52(b). In addressing whether such egregious error occurred, "we must examine the entire record before us, and determine whether the instructional mistake had a probable impact on the jury's finding that the defendant was guilty." *United States v. Torres,* 733 F.2d at 458 (quoting *United States v. Jackson,* 569 F.2d 1003, 1010 (7th Cir.), *cert. denied,* 437 U.S. 907, 98 S.Ct. 3096, 57 L.Ed.2d 1137 (1978)). *See also Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."). A review of the record in this case clearly demonstrates that the omission of an aiding and abetting instruction in this case was not plain error, and in fact was not error at all.

Schultz's argument to the contrary rests initially on a misreading of the federal bank robbery statute, 18 U.S.C. § 2113 (1982). Schultz was charged along with DeGrave under both subsection (a),[1] which

---

**1.** Subsection (a) provides that:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from

the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control,

defines the general offense of bank robbery and carries a maximum penalty of twenty years imprisonment and a $5,000 fine, and subsection (d),[2] which defines the more specific offense of assaulting or putting into jeopardy a person's life while using a dangerous weapon in the course of such a robbery and carries a maximum penalty of twenty-five years imprisonment and a $10,000 fine. Schultz contends that since the government's evidence demonstrated that DeGrave, and not he, actually wielded the weapon during the robbery, he could not be convicted as a principal under subsection (d) unless the government had also proven the elements of the aiding and abetting statute, 18 U.S.C. § 2 (1982). Since the court did not instruct the jury on these elements, Schultz concludes, his convictions cannot be upheld on an aiding and abetting theory. *See United States v. Wilson,* 657 F.2d 755, 762–63 (5th Cir.1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982).

■ Schultz errs in arguing that he cannot be convicted as a principal under subsection (d) merely because he was not actually holding the gun during the robbery. The two decisions that we have found concerning the issue both held that a defendant was properly convicted as a principal under section 2113(d) regardless of the fact that he did not actually possess a weapon. *See United States v. Marx,* 485 F.2d 1179, 1185 (10th Cir.1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974); *United States v. Johnson,* 390 F.Supp. 1049, 1056 n. 5 (E.D.N.Y.), *aff'd,* 525 F.2d 999 (2d Cir.1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1127, 47 L.Ed.2d 327 (1976).

Indeed, this court has held that even a getaway driver can be convicted as a principal under section 2113(d). *United States v. Wilkins,* 659 F.2d 769, 773 (7th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 681, 70 L.Ed.2d 646 (1981).

We are equally unpersuaded by Schultz's speculation that he was prejudiced by the lack of an instruction focusing the jury's attention on the elements of aiding and abetting the armed bank robbery because such an instruction might have led the jury to convict him of simple robbery under subsection (a) rather than armed robbery under subsection (d). The trial record in general, and defense counsel's opening and closing statements in particular, reveal that the question of whether Schultz was responsible for the armed aspect of the bank robbery was never raised at trial. Given the serious weaknesses in the credibility of the government's star witness, along with the presence of several witnesses to support Schultz's alibi defense, Schultz's counsel obviously chose to portray the case as a credibility contest on the ultimate question of whether Schultz was innocent of any wrongdoing in connection with the robbery, rather than as a debate over which defendant was more culpable.

■ Under these circumstances, the giving of an aiding and abetting instruction might have only confused or distracted the jury in resolving the disputed issues in the case. Worse yet, such an instruction might have actually prejudiced the defendant by suggesting to the jury a possible method of compromising on the ultimate question of guilt notwithstanding any weaknesses in

management, or possession of, any bank, credit union, or any savings and loan association; or
Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

2. Subsection (d) provides that:
Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

the government's proof. Thus, defense counsel's failure to submit or object to the absence of an aiding and abetting instruction in this case appears to be more the result of a tactical decision rather than mere inadvertence. By declining to give such an instruction in this situation, the court below did not commit error, but rather appropriately honored defense counsel's strategic judgment.[3]

The defendant's convictions are accordingly AFFIRMED.

---

**3.** Our conclusion that the trial court acted appropriately by declining to give an aiding and abetting instruction in this case, however, should not be read to imply conversely that it would have been inappropriate or erroneous for the court to give such an instruction.