553 So.2d 345 (1989)
In the Interest of L.S., a Child.
No. 89-0934.
District Court of Appeal of Florida, Fourth District.
December 6, 1989.
Richard L. Jorandby, Public Defender, and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant-L.S.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee-State of Fla.
GARRETT, Judge.
L.S., a juvenile, appeals the trial court's revocation of his community control and commitment to the Department of Health and Rehabilitative Services (HRS).
In March of 1988 appellant was placed on community control. The printed "Order of Community Control" form included special condition No. 10 which ordered the child to "[n]ot cause self to be arrested for any reason while on community control." In February of 1989 a HRS counselor filed a petition that alleged appellant violated community control when "arrested on a new law violation. He is charged with one count of Aggravated Battery and one count of Criminal Mischief." At the violation of community control hearing, the state presented only appellant and the HRS counsellor as witnesses. Each testified that appellant was arrested but not about the facts of the alleged delinquent acts. The trial judge revoked appellant's community control and committed him to the custody of HRS.
We reverse. Mere evidence of an arrest is insufficient to violate a juvenile's community control. See Hines v. State, 358 So.2d 183 (Fla. 1978). Accordingly, appellant's commitment is reversed and upon remand the trial court is directed to reinstate his community control.
In order to prompt a review of the "no arrest" language of all printed forms presently used in Seventeenth Judicial Circuit juvenile court proceedings, we order a copy of this opinion also be mailed to the Court Clerk and HRS.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and GLICKSTEIN, JJ., concur.