Courtney A. THOMPSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 87–1080, 87–1081.

District of Columbia Court of Appeals.

Submitted Jan. 18, 1989.
Decided Dec. 21, 1989.

Steven R. Kiersh, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, Jerry D. Massie and William M. Blier, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN and STEADMAN, Associate Judges, and MACK, Senior Judge.*

STEADMAN, Associate Judge:

Appellant Thompson was convicted of possession of an unregistered firearm, D.C. Code § 6–2311 (1989), unlawful possession of ammunition, D.C.Code § 6–2361 (1989), and possession with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988). He appeals on the ground that the evidence was insufficient to establish his constructive possession of the contraband seized within an apartment where he and two others were present at the time.

In reviewing a trial court's denial of a motion for acquittal, we view the evidence "in the light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact" from both direct and circumstantial evidence. *Curry v. United States*, 520 A.2d 255, 263 (D.C.1987) (citations omitted). The appellant contends here that no reasonable juror could properly have found that the government met its burden of showing constructive possession. We disagree.

To sustain a conviction for constructive possession, the jury must be able to find beyond a reasonable doubt that the accused knew of the presence of contraband, *id.*, and that he exercised a right to dominion or control over the objects in question. *Id.* As the trial court instructed the jury, the right to exercise dominion or control may be jointly shared. *Id.*

Here the contraband was lying in plain view on the apartment floor within appellant's ready access. The handgun was plainly visible to the resident manager and the officer standing in the doorway, who noted that the handgun was lying on the floor just a "few feet" from appellant. Both testified that great sums of money were openly lying about, and that a purse

---

* Judge Mack was an Associate Judge of this court at the time of argument. Her status changed to Senior Judge on November 16, 1989.

filled with cellophane-wrapped cocaine packets was also lying in plain view on the floor. *See United States v. Davis,* 183 U.S.App.D.C. 162, 165, 562 F.2d 681, 684 (1977) (per curiam) (presence of substantial quantities of drugs in defendant's plain view and readily accessible to him was significant factor leading to inference that defendant constructively possessed the contraband).

Coupled with these facts of proximity are "circumstances giving rise to an inference of a concert of illegal action involving drugs by the occupants of the premises where the drugs are found." *Wheeler v. United States,* 494 A.2d 170, 173 (D.C. 1985). The record is replete with references to appellant's secretive presence behind the partition in the apartment while a juvenile occupant was being questioned just after the door was belatedly opened, suggesting that appellant was anxious to escape notice by the officer standing in the doorway. (E.g.: "While I was talking to the juvenile and the lady [the resident manager], I saw a shadow onto my right where there's a partition"; "[h]e was peeking out. At one time I got a glimpse"). A jury could reasonably have found in appellant's failure to speak up when the juvenile was responding to the officer's questions, in his surreptitious conduct in secreting himself behind the partition and in the delay in responding to the knock at the door, evidence tending to show criminal activity on his part. *Cf. Wheeler, supra,* 494 A.2d at 173 ("[o]ther circumstances that will buttress the 'constructive possession' inference include attempts to hide or destroy evidence" (citations omitted)).

Furthermore, the surrounding circumstances buttress the inference that appellant was more than merely present. The resident manager was previously alerted that criminal activity might be afoot by the behavior of appellant's juvenile companion in the lobby (manager became "very suspicious" when juvenile said he was living in the apartment with his mother and then "couldn't give me his mother's name right away"). The apartment had been rented to a Janet Brady, who did not know of any of the three found in the apartment, evidence from which the jury could properly have surmised that the apartment was being used illegitimately. The apartment was virtually empty except for the contraband and a mattress. That appellant was not a legal resident of the apartment does not preclude a finding that he possessed the requisite control over the premises necessary to support constructive possession; indeed, a bag of appellant's clothing was recovered from the apartment. *See Wheeler, supra,* 494 A.2d at 173 (stating "courts' reluctance to hold an individual responsible ... absent some proof that he is something other than a visitor").

Since "[t]he inference that appellant knew of the presence of the [narcotics and the gun] is not wholly speculative, and that inference, combined with the other circumstances outlined above, suffice to attribute to appellant a measure of control over the [contraband]," *Wheeler, supra,* 494 A.2d at 174, we hold that the evidence was sufficient to support a finding of constructive possession.

*Affirmed.*

MACK, Senior Judge, dissents.