554 So.2d 640 (1989)
In the Interest of A.R., a Child.
No. 89-1224.
District Court of Appeal of Florida, Fourth District.
December 28, 1989.
*641 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Carol Cobourn, Asst. Atty. Gen., West Palm Beach, for appellee State of Fla.
PER CURIAM.
A.R., a child, appeals from the trial court's revocation of his community control and from his commitment to the Department of Health and Rehabilitative Services (HRS).
On June 30, 1988 A.R. was found to be a juvenile delinquent and was placed on community control. The printed order of community control contained the condition that A.R. not be arrested. About nine months after A.R. went on community control HRS filed a petition for revocation of community control and alleged that A.R. had violated the terms of community control by being arrested.
The transcript of the revocation hearing indicates that A.R. was represented below by two certified legal interns. However the record contains nothing to show that A.R. had waived the right to be represented by a licensed attorney. The transcript also reveals that the legal interns entered a plea of no contest to the violation of community control and reserved the right to appeal the revocation on the grounds that it was based solely on an arrest. The trial court revoked A.R.'s community control and committed him to the department of HRS.
We reverse. It is clear that mere evidence of an arrest alone is an insufficient basis to revoke community control. See Hines v. State, 358 So.2d 183 (Fla. 1978); In The Interest of L.S., 553 So.2d 345 (Fla. 4th DCA 1989.) Further, the fact that there was no evidence of a written consent to be represented by legal interns is reversible error. See, In The Interest of C.B., 546 So.2d 447 (Fla. 4th DCA 1989.)
REVERSED AND REMANDED with directions that the trial court reinstate A.R.'s community control.
DOWNEY, ANSTEAD and WALDEN, JJ., concur.