**Derck C. GILLIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 88–401 & 90–22.**

District of Columbia Court of Appeals.

Submitted Dec. 7, 1990.
Decided Feb. 20, 1991.

Richard S. Stolker, appointed by this court, Greenbelt, Md., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Elizabeth Trosman, and Guizelous O. Molock, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Gillis was convicted of eleven counts of assault with a deadly weapon and one count of carrying a pistol without a license. In this consolidated appeal, Gillis contends that the trial court erred in giving an aiding and abetting instruction and in summarily denying his motion under D.C. Code § 23–110 (1989 Repl.). In his collateral appeal, Gillis contends that he was denied effective assistance of counsel because his trial counsel failed to exclude certain incriminating evidence and failed to develop an available defense. We affirm in part, reverse in part, and remand the case to the trial court for a hearing on the § 23–110 motion.

Testimony given at trial related that appellant, along with some of his friends, attended a dance at the Masonic Temple in the District of Columbia. At that dance, a confrontation arose between a friend of Gillis and another person. Witnesses testified that after the dance, the confrontation resumed and culminated with Gillis and friends shooting the other person and several bystanders.

I.

Appellant first argues that the trial court erred in giving an aiding and abetting instruction over defense counsel's

objection. A defendant may be convicted as an aider and abettor if the evidence shows that someone committed the offense charged and the defendant knowingly aided in its commission in some way. *See Wright v. United States*, 508 A.2d 915, 918 (D.C.1986). Evidence at trial showed that appellant acted in concert with others during the shooting. There was testimony that he participated in the confrontation during the dance and in the ensuing shooting. The instruction permitted the jury to find Gillis guilty whether he was personally responsible for shooting each victim or whether Gillis was acting with others in carrying out the shooting. *See Head v. United States*, 451 A.2d 615, 626 (D.C.1982). We find no error.

## II.

■ Second, appellant contends that the trial court erred in summarily denying his motion alleging ineffective assistance of counsel. As the trial judge correctly noted, there is a presumption in favor of holding a hearing on § 23–110 motions, and any question regarding the appropriateness of a hearing should be resolved in favor of holding a hearing. *See Gibson v. United States*, 388 A.2d 1214, 1216 (D.C.1978). The judge also correctly noted that an ineffective assistance of counsel claim requires a hearing when that claim involves facts not contained in the record. *Ellerbe v. United States*, 545 A.2d 1197, 1198–99 (D.C.), *cert. denied*, 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988); *Hockman v. United States*, 517 A.2d 44 (D.C.1986). In this case, however, the judge declined to hold a hearing because he thought he could resolve the claim on the basis of the existing record. In so doing, the court erred.

■ When presenting an ineffective assistance of counsel claim, the claimant has the burden of establishing two factors. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the claimant must show that his trial counsel's performance was deficient, unrea-

sonable under prevailing professional norms. *Id.* at 688, 104 S.Ct. at 2064. Second, the claimant must show that sufficient prejudice resulted in "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

Appellant cites two "errors" on the part of his trial counsel. First, appellant contends that his trial counsel failed to prevent the admission of marginally relevant evidence relating to bullets recovered from appellant's home pursuant to a search warrant. We find this argument meritless.

■ Second, appellant contends that his trial counsel failed to present evidence that appellant was in the custody of security guards at the time of the shooting. At sentencing, trial counsel stated that the original complaint against appellant was dismissed at the preliminary hearing because security guards, who were present at the dance, testified that Gillis was in their custody at the time of the shooting.[1] Understandably perplexed by this revelation at sentencing, the trial judge inquired as to why this evidence was not presented at trial. In response to the trial judge, trial counsel explained that:

> Well, there was [sic] reasons that it was not presented at trial.... There are reasons why the defense chose not to present any evidence at all.

Based upon this statement alone, the trial court concluded that the trial counsel's "decision" was a matter of trial strategy. Citing case law holding that there is a strong presumption that counsel's conduct was reasonable and sound trial strategy, *see Strickland v. Washington*, *supra*, 466 U.S. at 689, 104 S.Ct. at 2065, the trial court decided that the record conclusively showed no deficiency.

■ While it is true that trial counsel's strategy enjoys a presumption of reasonableness, there is no evidence in the record showing that trial counsel declined to pur-

---

**1.** In his motion, appellant referred to pages in the transcript which indicate, he argues, that Mr. Williams, a complaining witness, was testi-

fying that appellant may have been with security guards at the time of the shooting.

sue a potential defense for some strategic reason. The presumption of reasonableness exists to remove the "distorting effects of hindsight." *Id.* However, the trial court cannot presume that when counsel states that he had some "reasons" for a decision, that his "reasons," whatever they may have been, were sound. To conclude otherwise would nullify the meaningful review of an ineffective assistance of counsel claim. The record is devoid of any meaningful explanation as to why a potential defense was not pursued. At a minimum, there was a serious question regarding the need for a hearing. *See Gibson v. United States, supra.*

██ Because the trial court concluded that the record revealed no deficiency, the first question under *Strickland*, the trial court did not consider whether prejudice could have resulted, the second question under *Strickland*. Although we conclude that the trial court erroneously concluded that a hearing was unnecessary to resolve the first question, appellant's motion would still fail if, assuming deficient representation, there was insufficient resulting prejudice, *i.e.*, enough prejudice to undermine our confidence in the result. *See Strickland v. Washington, supra*, 466 U.S. at 694, 104 S.Ct. at 2068. Accordingly, we must consider the evidence presented at trial.

██ The government's evidence regarding the shooting consisted mainly of eyewitness testimony, with some inconsistencies, relating that Gillis was one of the assailants. Appellant presented no evidence. The evidence not presented was the testimony of the security guards. A number of possibilities exist. It is plausible that the security guards' testimony would reveal that Gillis was in their custody sometime before the shooting. Alternatively, the security guards could have been mistaken as to who was in their custody. Both scenarios could have been the result of facts not known at the preliminary hearing that were later discovered to be true. In either case, the result likely would have been the same. But, it is certainly also possible that the security guards' testimony could have directly contradicted other eyewitness testimony and would have required the jury to resolve that contradiction. Without the benefit of knowing what their testimony would have been at trial,[2] there being no record to review, it would be too speculative to conclude, at this point, that there is no reasonable probability that the testimony of the security guards, if credible, would not have changed the result.

Accordingly, we remand the case to the trial court so that it may hold a hearing to determine whether appellant received effective assistance of counsel. In all other respects the judgment on appeal is affirmed.

*So ordered.*

---

**2.** Although there is no transcript of the testimony given by the security guards at the preliminary hearing, the claim, based upon trial counsel's statement at sentencing that the security guards had testified that appellant was in their custody at the time of the shooting, was neither "palpably incredible," nor vague, nor a failure to state any legal basis for relief. *See Gaston v. United States*, 535 A.2d 893, 898–99 (D.C.1988) (discussing grounds for summarily denying a § 23–110 claim).