James **GREEN**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 91–CF–768.

District of Columbia Court of Appeals.

Submitted April 16, 1992.
Decided May 15, 1992.

---

Thomas G. Ross, appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas C. Black and Kenneth F. Whitted, Asst. U.S. Attys., were on the brief for appellee.

Before ROGERS, Chief Judge, and FERREN and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Appellant James Green appeals his conviction by a jury of unlawful distribution of cocaine, D.C.Code § 33–541(a)(1) (1988 Repl.), on the ground that the trial judge erred by (1) denying his motions for judg-ment of acquittal; and (2) not instructing the jury on aiding and abetting. We affirm.

I

On August 17, 1990, the United States Park Police set up a drug observation post in the 2200 block of H Street, Northeast. Officer Jeffrey Wasserman testified that as he walked on H Street, appellant walked towards him and asked him what he was looking for. The officer responded that he was looking for a man who had previously sold him rock cocaine. After a colloquy, appellant told the officer that the officer's previous supplier was in prison, but that appellant "could take care of" him. The officer stated that he was interested in purchasing a fifty dollar rock of cocaine. Appellant then told the officer that he could get him a "good deal" if the officer would follow him.

Appellant then walked with the officer into a breezeway to an entrance of a building. A juvenile, Randy Meyers, came to a door, and appellant told Meyers that the officer wanted to purchase a fifty dollar rock of cocaine. Appellant explained that Meyers only had twenty dollar rocks but would give the officer three twenty dollar rocks for fifty dollars. The officer bought three rocks of cocaine from Meyers for fifty dollars. Appellant never touched the money or the drugs during the transaction. At the conclusion of the transaction appellant asked the officer to remember him the next time he came into the area because he would take care of him on his return. A second officer, at an observation post using binoculars, observed appellant and the undercover officer converse and enter the breezeway area after having observed similar prior interactions between appellant with other persons who approached him and whom he approached, and with Meyers.

Appellant and Meyers were subsequently arrested while standing together on H Street, N.E. Two hundred and ninety-seven dollars and an electronic beeper were recovered from appellant. Officer Wasserman positively identified appellant and

Meyers as the two persons who had sold him illegal narcotics.[1]

## II

■ Appellant contends that the trial judge erred in denying his motions for judgment of acquittal because the evidence was insufficient to establish all of the crucial elements of the offense beyond a reasonable doubt. He points to the fact that evidence did not show that appellant had either physical contact with the controlled substance or the dominion and control that are required to prove constructive possession. *See Thompson v. United States*, 567 A.2d 907, 908 (D.C.1989). While acknowledging his heavy burden and this court's required deference to the jury's factual determinations, appellant contends that there was no "probative evidence to establish possession, actual or constructive, of any controlled substance that was distributed during the transaction that gave rise to appellant's arrest and prosecution."

■ When reviewing a motion for judgment of acquittal, the evidence must be viewed by the court in the light most favorable to the government, giving full credit to the jury's right to weigh the evidence, draw reasonable inferences, and determine credibility. *Carter v. United States*, 591 A.2d 233, 234 (D.C.1991); *Thompson, supra*, 567 A.2d at 908; *Curry v. United States*, 520 A.2d 255, 262 (D.C. 1987). The court may reverse only when there is no evidence upon which a reasonable person might fairly conclude guilt beyond a reasonable doubt. *In re L.A.V.*, 578 A.2d 708, 710 (D.C.1990); *In re T.M.*, 577 A.2d 1149, 1151 (D.C.1990).

In the instant case there was clear evidence that appellant aided and abetted in the distribution of a controlled substance.

*See Gillis v. United States*, 586 A.2d 726, 728 (D.C.1991); *Wesley v. United States*, 547 A.2d 1022, 1026 (D.C.1988). Viewed in the light most favorable to the government, the evidence shows that appellant "went out and got the buyer and brought the buyer to the person who had the substance," as the government stated in its opening argument to the jury. Appellant asked the officer how much cocaine he wanted to purchase, offered to provide the officer with a "good deal," led the officer into a breezeway, explained the terms of a possible sale, and informed Meyers that the officer wanted to purchase cocaine. A reasonable jury could reasonably find that appellant knowingly and intentionally aided and abetted in the solicitation of the officer and in the transaction between the officer and Meyers. *See United States v. Roberts*, 913 F.2d 211, 218–19 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2264, 114 L.Ed.2d 716 (1991); *United States v. Resto*, 824 F.2d 210, 211 (2d Cir.1987).

■ The problem arises, nevertheless, because the jury was never instructed on aiding and abetting.[2] Nor was the jury instructed on constructive possession. Without these necessary directions from the trial judge, and absent evidence that appellant possessed or distributed a controlled substance, appellant maintains that "the jury's verdict could only be based on hypothesis and speculation," citing *Crawley v. United States*, 320 A.2d 309, 311 (D.C.1974) (motion for judgment of acquittal is important safeguard for defendant, testing sufficiency of evidence and avoiding risk jury will capriciously find guilt when there is no legally sufficient evidence).

---

**1.** The defense case consisted of testimony from Meyers and appellant. Meyers testified that appellant was completely uninvolved in a drug solicitation or transaction. Appellant testified that he had spoken to the officer but only about the person for whom he was looking.

**2.** *See Jefferson v. United States*, 558 A.2d 298, 303 (D.C.), *modified,* 571 A.2d 178 (D.C.1989) (defendant cannot be convicted of carrying dangerous weapon on theory of constructive posses-

sion where jury instructed only on aiding and abetting theory), *cert. denied,* 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990); *see also United States v. Acosta*, 763 F.2d 671, 681 (5th Cir.) (conviction cannot be affirmed on aiding and abetting theory where no jury instruction given on that theory), *cert. denied,* 474 U.S. 863, 106 S.Ct. 179, 88 L.Ed.2d 148 (1985); *United States v. Medina*, 755 F.2d 1269, 1278–79 (7th Cir.1985) (same).

The trial judge's instructions regarding the substantive offense were confined to describing the elements of distribution of cocaine as involving that act done knowingly and intentionally.[3] The jury was told that it "may find that the Defendant knowingly and intentionally distributed the cocaine if he did so consciously, voluntarily and purposefully and not because of mistake, inadvertence or accident."[4] However, the judge also defined "distribute" for the jury to mean "the actual, constructive or attempted transfer of cocaine."[5] Neither party objected to the instructions given to the jury.

■ Super.Ct.Crim.R. 30 provides that "[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection." The rationale of the rule inheres in judicial economy as a result of affording "the trial court the opportunity to correct errors and omissions which otherwise might necessitate a new trial." *Deneal v. United States*, 551 A.2d 1312, 1316 (D.C.1988). While no obligation exists on a defendant to ask for an aiding and abetting instruction, thereby rendering less burdensome the government burden to prove guilt,[6] once the trial judge instructed the jury on the meaning of the word "distribute," it was incumbent upon the defendant to ask for such clarification as he deemed was required to fully inform the jury about the meaning of that term. Because there was no objection to the instruction given by the judge defining "distribute," our review is for plain error. *Id.* at 1317; *see Watts v.*

*United States*, 362 A.2d 706, 709 (D.C. 1976) (en banc).

■ An aiding and abetting instruction is not required to sustain a conviction under a theory of accomplice liability. *See Hazel v. United States*, 353 A.2d 280, 283 (D.C.1976) ("An instruction under the aiding and abetting statute is not necessary, however, in order for the acts of one principal in furtherance of a crime to be imputed to another principal"); *United States v. Bell*, 812 F.2d 188, 194 n. 8 (5th Cir.1987); *United States v. Schultz*, 769 F.2d 431, 432–34 (7th Cir.1985). In such cases, the government has presented evidence that the defendant committed one of the necessary elements of the crime as a co-principal. *Hazel, supra*, 353 A.2d at 283; *Bell, supra*, 812 F.2d at 195 (evidence showed defendant "fully culpable as a principal"); *Schultz, supra*, 769 F.2d at 433 (same). Although the government does not contend in this case that appellant actually or constructively possessed the drugs, the jury could properly rely on the concept of accomplice liability to find appellant guilty under the judge's instruction that "distribute" includes something other than actual physical delivery of the drugs to the buyer by appellant. To conclude otherwise would mean that the jury acted irrationally in reaching its verdict, by finding that appellant physically delivered the drugs to the officer. *Cf. Gray v. United States*, 589 A.2d 912, 918 (D.C.1991) (jury presumed to follow instructions); *Christian v. United States*, 394 A.2d 1, 23 (D.C.1978), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979).

Under the instruction on distribution, the jury could reasonably find that appellant

---

**3.** The judge also instructed that "the Government must prove ... that the Defendant possessed a usable amount of cocaine."

**4.** In preliminary instructions to the jury, before any evidence was introduced, the judge also informed the jury that:

The elements of the offense of distribution of cocaine each of which the Government must prove to you beyond a reasonable doubt are as follows; [sic] 1, that the Defendant distributed cocaine; 2, that he did so knowingly and intentionally.

**5.** The judge did not include that part of the standard instruction definition of "distribute" that also provides that "It is not necessary for the Government to prove that the defendant received money or property in return for the transfer or attempted transfer of a controlled substance." CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.33 (3d ed. 1978).

**6.** *See Head v. United States*, 451 A.2d 615, 626 (D.C.1982) (not error for trial judge to give aiding and abetting instruction where evidence did not show that defendant personally committed each act necessary to constitute offense).

was guilty of distribution as a result of his "constructive" or "attempted" delivery of the drugs to the officer by finding a willing buyer, the officer, and matching him up with a willing seller, Meyers. In other words, appellant's conduct in locating a buyer (and explaining to him the nature of the deal that he thought he could get— three twenty dollar rocks for fifty dollars) and bringing the buyer and seller together was a constructive or attempted distribution of the drugs by appellant; while not physically transferring the drugs himself, he attempted to do so by bringing the buyer and seller together to agree on a deal. Although the judge did not instruct the jury on the nature of "constructive" or "attempted" distribution, as opposed to "actual" distribution, the term "attempted" is a generally understood word used in everyday conversation. While "constructive distribution" is not as familiar a phrase, it too conveys the idea that the government did not have to prove that the distribution of the drugs was accomplished by actual physical delivery by appellant. *See Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law").

Therefore, in view of the strong evidence of appellant's direct role in attempting to bring about distribution of the cocaine, there was sufficient guidance provided to the jury in the instructions. Thus, there was a basis in law for his conviction as an accomplice, *see Crawley, supra*, 320 A.2d at 311, and no basis upon which this court could conclude that the jury acted irrationally by finding that appellant had physically distributed the drugs to the officer. Moreover, appellant was on notice that he was being tried as an accomplice as a result of the prosecutor's opening statement to the jury, the officers' testimony and the prosecutor's closing argument.

Accordingly, we find no plain error, and we affirm the judgment.