664 So.2d 42 (1995)
R.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3205.
District Court of Appeal of Florida, Fourth District.
December 6, 1995.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
R.M. was one of three youths who threw tiles at the victim in this battery case; however, the victim was only struck by one of the tiles, and there was no evidence that R.M. threw that tile. We find that there was sufficient evidence to convict R.M. of battery as an aider and abettor, but reverse for a new trial because he did not waive his right to counsel when he agreed to be represented by a law student who was a certified legal intern.
R.M. and two other youths entered the arcade at the Coral Ridge Mall, and the manager, who had previously banned R.M. from the arcade, reached for the telephone and pretended to call the police in an effort *43 to scare R.M. off. The manager observed all three youths then make a throwing gesture, after which he was struck in the eye by a piece of tile. Three tiles were found at the scene; however, the manager was unable to identify which of the three youths threw the one tile which struck him.
R.M. argues that, in the absence of proof that he touched or caused bodily harm to the manager, he could not have been convicted of battery under section 784.03, Florida Statutes (1993), citing L.S. v. State, 391 So.2d 329 (Fla. 3rd DCA 1980). In L.S. the defendant was one of two youths who could have pushed the victim from behind; however, there was no evidence that the appellant was the youth who actually did the pushing, and the court reversed a conviction for battery, concluding that the mere presence of the defendant with another youth was insufficient to support a battery conviction.
The state responds that R.M. could have been convicted as an aider and abettor under section 777.011, Florida Statutes (1993), which provides:
Principal in first degree.  Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.
In order to be convicted as an aider and abettor, the evidence must show that the defendant "(1) assisted the actual perpetrator by doing or saying something that causes, encourages or assists or incites the perpetrator to actually commit the crime; and (2) intended to participate in the crime." Rouse v. State, 583 So.2d 1111, 1112 (Fla. 4th DCA 1991). In the present case the fact finder could have inferred from the concerted throwing of the tiles that the crime had been planned in advance, which, along with its being carried out, meets the above requirements and thus makes R.M. an aider and abettor. See, e.g., Staten v. State, 519 So.2d 622 (Fla. 1988).
Although we have not been cited any Florida cases involving similar facts, Gillis v. United States, 586 A.2d 726 (D.C.App. 1991) is on all fours. In Gillis the defendant was one of several people involved in a shooting, and the court held that he could have been convicted as an aider and abettor because of his participation, notwithstanding that there was no proof that he actually shot anyone. See, e.g., A.B.G. v. State, 586 So.2d 445 (Fla. 1st DCA 1991).
Unfortunately we must reverse for a new trial because, although R.M. orally agreed to be represented by a certified legal intern, he did not do so in writing, and was not advised that he could refuse and be represented by a member of the bar. In Re A.R., 554 So.2d 640 (Fla. 4th DCA 1989).
POLEN and PARIENTE, JJ., concur.