**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0373n.06

**No. 10-1558**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 06, 2012**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

ANDRE WILLIAMS,

    **Defendant-Appellant.**

                             /

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**BEFORE:**    BATCHELDER, Chief Judge; CLAY and GILMAN, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Andre Williams appeals from a district court order finding that he violated five terms of his supervised release and sentencing him to two years of imprisonment. Specifically, Williams appeals the district court's determination that he possessed marijuana with the intent to deliver it, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii), and therefore committed two Grade A violations of the supervised release conditions, contrary to United States Sentencing Guidelines (USSG) § 7B1.1(a)(1)(A)(ii), that prohibited him from committing another crime or possessing a controlled substance. For the reasons that follow, we **AFFIRM**.

**BACKGROUND**

On September 13, 2005, Williams was indicted by grand jury of conspiracy to utter and possess counterfeit securities of an organization, in violation of 18 U.S.C. §§ 371, 513(a). On

November 2005, Williams pleaded guilty to the charges. On March 10, 2006, he was sentenced to four years of imprisonment and three years of supervised release.

Of the many standard and special conditions on Williams' supervised release, several are relevant to the conduct and arrest at issue here. These include conditions that Williams abstain from:

1. Commission of a federal, state, or local crime
2. Possession of a firearm
3. Possession of a controlled substance
4. Frequenting a place where controlled substances are sold
5. Failing to pay restitution[1]
6. Submitting an untruthful report to the probation officer
7. Associating with persons convicted of a felony
8. Failing to provide notification of an arrest within 72 hours

Williams' supervised release began on February 20, 2009 and was set to end in February 2012.

## A.      August 2009 Arrest

The Redford Township police department learned from a reliable informant that a large shipment of marijuana would be delivered during the week of August 23, 2009 to a house at 8452 Heyden Street, Detroit, Michigan. On August 27, 2009, Redford Township police officers executed a warrant to search for suspected drug activity at 8452 Heyden Street. At the time of the search, Williams and three other men were at the house. When the officers entered, at least one officer saw Williams on the stairs leading to the upstairs room. The other three male occupants were in the living room. All four were secured during the search.

---

[1]Williams owed over $65,000 in restitution, but had only paid $50 of it over the course of two years.

The house was approximately 800 square feet in size. Although there were two bedrooms, which contained beds, and a living room with a couch, the house did not appear livable. It contained no refrigerator, stove, dishes, food, or washer and dryer. However, there was a telephone and a television with cable. In the house, officers found mail addressed to two different men.

As the officers searched one bedroom, they found two garbage bags that contained seventeen gallon-sized bags of marijuana. In the other bedroom, the officers found a black duffel bag with five gallon-sized bags of marijuana and several shotgun shells. The upstairs room contained a glass table with a digital scale, two razor blades, screw drivers, marijuana shake (i.e., residue), bubble wrap, and empty gallon-sized bags. In the living room, the officers saw a shotgun wedged between the couch and the wall, which was visible without moving the couch. In the basement, the officers recovered a white plastic bag containing marijuana from the rafters.

The officers arrested all four men. Each of the men had a prior felony conviction. When they arrested Williams, they found $10,100 in his front pants pocket, separated into several bundles. In Williams' other pocket, they found keys to one of the two cars in the driveway.

Williams did not inform his probation officer of the arrest. Williams also failed to note the arrest in his monthly supervised release report.

**B.      Supervised Release Violation Hearing**

Because Williams was arrested during his supervised release, the government filed a petition on February 17, 2010 alleging eight violations of his supervised release terms. The district court held an evidentiary hearing on March 24, 2010. Williams initially pleaded guilty to violating conditions in his supervised release that prohibited him from submitting an untruthful report to a

probation officer and for failing to provide timely notification of an arrest. In addition to those admissions, the district court found that Williams violated the terms preventing Williams from committing another crime, possessing a controlled substance, and frequenting a place where controlled substances are sold.[2] On April 2, 2010, the court sentenced Williams to two years of imprisonment for the five violations of his supervised release. Williams timely appealed.

## DISCUSSION

We review a district court's determination that a condition of supervised release has been violated for abuse of discretion. *United States v. Kontrol*, 554 F.3d 1089, 1091 (6th Cir. 2009). We review the district court's factual findings for clear error and its legal conclusions *de novo*. *Id.* at 1091–92 (citing *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000), and *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)).

Where the government alleges that a defendant violated a condition of his supervised release, the government must prove that violation by a preponderance of the evidence—not beyond a reasonable doubt—at an evidentiary hearing. 18 U.S.C. § 3583(e)(3); *United States v. Lowenstein*, 108 F.3d 80, 84 (6th Cir.1997); *United States v. Stephenson*, 928 F.2d 728, 731 (6th Cir. 1991). If the government proves the violation, the period of incarceration is determined by the grade level of the violation, as set by USSG § 7B1.1.

---

[2]The government had initially argued that Williams possessed a firearm in violation of his supervised release, but later conceded that it had not met its burden with respect to that violation. The district court found that the government's other allegations—that Williams failed to pay restitution and knowingly associated himself with felons—were not supported by the evidence.

In this case, Williams was accused of violating several conditions of his supervised release. At issue on appeal are his alleged violations of two conditions: that he not commit a federal, state, or local crime and that he not possess a controlled substance. The government supported its allegations of these two violations by arguing that Williams possessed marijuana with intent to deliver it, in violation of Michigan state law. *See* Mich. Comp. Laws § 333.7401(2)(d)(iii). The district court found that the government met its burden of proving the marijuana offense and, therefore, the burden of proving the violations of the supervised release conditions.

Under the Guidelines, a controlled substance offense that is punishable by a term of imprisonment exceeding one year is deemed a Grade A violation of supervised release conditions. USSG § 7B1.1(a)(1)(A)(ii). The crime of possession of marijuana with the intent to deliver it is punishable for a term of up to four years. Mich Comp. Laws § 333.7401(2)(d)(iii). Thus, the district court found that Williams committed a Grade A violation of his supervised release and sentenced him to twenty-four months of imprisonment, the bottom of the USSG § 7B1.4(a) range and the maximum permitted under 18 U.S.C. §§ 3583(e)(3), (g).

On appeal, Williams argues the narrow issue of whether the district court abused its discretion in finding that the government met its burden of proof on the marijuana offense. Williams argues that he would have received a lesser sentence if the court had not found that he committed the marijuana offense because the other violations of his supervised release terms did not carry such a high grade level or sentencing range.[3]

---

[3] Williams argues that his sentencing range, absent the Grade A violation, would have been between six to eighteen months for the remaining supervised release violations, Grade B or C violations. USSG § 7B1.4(a).

## A.    Marijuana Offense

The district court found that Williams possessed marijuana with the intent to deliver it, in violation of Mich Comp. Laws § 333.7401(2)(d). That law provides, in relevant part, that:

> [A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form. . . .
>
> A person who violates this section as to . . . [m]arihuana or a mixture containing marihuana is guilty of a felony . . . .

Mich Comp. Laws §§ 333.7401(1), (2)(d). According to the Michigan Supreme Court, the elements that the government must prove for a conviction under § 333.7401(2)(d) are: (1) that the recovered substance is marijuana, (2) that the substance meets a specific weight amount, (3) that the defendant was not authorized to possess the substance, and (4) that the defendant "knowingly possessed the [marijuana] with the intent to deliver." *People v. Wolfe*, 489 N.W.2d 748, 752 (Mich. 1992). Williams disputes only the fourth element: that he knowingly possessed the marijuana with the intent to deliver it.

## B.    Knowing Possession

In Michigan, possession may be actual or constructive. *Cannon v. Lafler*, 247 F. App'x 796, 798 (6th Cir. 2007); *People v. Johnson*, 647 N.W.2d 480, 486 (Mich. 2002). In general, "[c]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between defendant and the contraband." *Johnson*, 647 N.W.2d at 486 (citing *Wolfe*, 489 N.W.2d at 754). The Michigan Supreme Court has fully explained its constructive-possession doctrine, with reference to a Ninth Circuit decision:

> We have stated that constructive possession may be demonstrated by direct or circumstantial evidence that the defendant had the power to dispose of the drug, or "the ability to produce the drug," or that the defendant had the "exclusive control or dominion over property on which contraband narcotics are found." Constructive possession may also be proven by the defendant's participation in a "joint venture" to possess a controlled substance. The ultimate question is whether, viewing the evidence in a light most favorable to the government, the evidence establishes a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised a dominion and control over the substance.

*Wolfe*, 489 N.W.2d at 754 (quoting *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir. 1986)) (alterations and internal quotation marks omitted); *see Cannon*, 247 F. App'x at 798.

The Michigan Supreme Court has found that a defendant's mere presence at a location where contraband is present is insufficient to prove constructive possession, though additional evidence connecting the defendant to the contraband may be sufficient. *Wolfe*, 489 N.W.2d at 753–54. In *Wolfe*, the Michigan Court agreed with the District of Columbia Court of Appeals that "constructive possession [would be] shown where the defendant was found in a sparsely furnished apartment that contained cocaine packets and large sums of money lying about in plain view." *Id.* (citing *Thompson v. United States*, 567 A.2d 907, 908–09 (D.C. 1989)) (noting that, as in *Thompson*, "constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband"); *see also People v. Ford*, No. 296142, 2011 Mich. App. LEXIS 557, at *6 (Mich. Ct. App. Mar. 22, 2011) (noting that a defendant's presence in a sparsely furnished house plus evidence of drugs in plain view is sufficient to establish constructive possession); *People v. Higgins*, No. 269140, 2007 Mich. App. LEXIS 1681, at *5–6 (Mich. Ct. App. June 26, 2007) (same). Finally, possession may also be joint or exclusive. *People v. Fetterley*, 583 N.W.2d 199, 202 (Mich. Ct. App. 1998); *Cannon*, 247 F. App'x at 798.

7

Williams was not found with marijuana on his person, so the government was required to show that he had constructive possession of it. The government offered testimony that the house at 8452 Heyden was essentially a drug house. Nearly every room had marijuana and drug packaging and measuring materials. There were no food, dishes, stove, or refrigerator that would make the house livable. The house was only 800 square feet in size, so it would have been nearly impossible for Williams to not know that contraband was present. Furthermore, Williams was seen, by himself, exiting the upstairs room that openly contained drug measuring and packaging material. All other individuals were in the living room at the time.

Williams was employed off and on and received an income of only $125 per month. He alleged that he was unable to make restitution payments to the government and, over two years, had only been able to pay $50 of the $65,000 that he owed. Yet, he was found in the house with bundles of cash in his front pocket, amounting to over $10,000. There have been no other explanations for the large amount of cash.

This case is similar to the *Thompson* case, the rationale of which was adopted by the Michigan Supreme Court in *Wolfe* and the Michigan Court of Appeals in *Ford* and *Higgins*. The *Thompson* case held that constructive, knowing possession is properly shown where "the defendant was found in a sparsely furnished apartment that contained cocaine packets and large sums of money lying about in plain view." *Wolfe*, 489 N.W.2d at 754 (citing *Thompson*, 567 A.2d at 908–09). Here, the Redford Township received notice that a large drug transaction would take place at 8452 Heyden, a sparsely furnished house that contained marijuana, drug measuring and packaging devices in plain view, and a large amount of cash—in Williams' pocket. This evidence, taken in its totality,

offers a sufficient nexus between Williams and the marijuana to prove his constructive possession over it. The district court did not abuse its discretion in finding that Williams knowingly and constructively possessed the marijuana by a preponderance of the evidence.

## C.      Intent to Deliver

The government must also prove that Williams' possession of the marijuana corresponded with an "intent to deliver" it. The Michigan Supreme Court's decision in *Wolfe* also provides the rule for what constitutes an intent to deliver: "actual delivery of narcotics is not required to prove intent to deliver. Intent to deliver has been inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *Wolfe*, 489 N.W.2d at 755.

It is clear that Williams had an intent to deliver the marijuana, rather than an intent to engage in mere recreational use or some other purpose. First, there was a very large amount of marijuana. *See Wolfe*, 489 N.W.2d at 755. Second, there was a plethora of drug packaging materials, including plastic baggies, bubble wrap, black duffle bags, and black garbage bags, and measuring material, including a digital weighing scale with marijuana residue on it, two razor blades, and a screw driver. *See id*. Importantly, officers were informed of a drug *transaction* that would occur at the time and place where Williams was found with the drugs. *See id.* These facts clearly prove that the marijuana would be packaged and delivered.

In sum, we find that the district court did not abuse its discretion in finding that the government proved by a preponderance of the evidence that Williams knowingly and constructively possessed marijuana with the intent to deliver it, in violation of Mich Comp. Laws §

333.7401(2)(d)(iii). We also find that the district court correctly determined that a crime committed under § 333.7401(2)(d)(iii) is a Grade A violation of supervised release conditions under USSG § 7B1.1(a)(1)(A)(ii), because it is punishable for a term of up to four years. Williams does not argue that the two-year sentence imposed was unreasonable if he were found to have committed the marijuana offense.

## CONCLUSION

For the reasons discussed above, this Court **AFFIRMS** the district court order finding that Williams violated five terms of his supervised release and sentencing Williams to two years of imprisonment.